## Bradbury *versus* Wagenhorst.

1. When the words of a statute are plainly expressive of an intent, the interpretation must be in accordance therewith.

2. An act provided that "in actions of scire facias on mortgages, judgments, and on liens of mechanics," &c., the plaintiff may take judgment by default, unless there be an affidavit of defence, but not "unless the said plaintiff shall, within two weeks after the returning of the original process, file in the office of the prothonotary of the courts aforesaid, a copy of the instrument of writing, book-entries, record, or claim, except mortgages, on which action has been brought." *Held,* that judgment for want of an affidavit of defence could not be taken in scire facias on a mechanic's lien, unless a copy of the claim had been filed in the suit.

January 25th 1867.  Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ.  STRONG, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county.*

This was a scire facias sur mechanic's lien, issued November 16th 1865, at the suit of James Wagenhorst against Philip Bradbury, owner or reputed owner, to January Term 1866.  No copy of the mechanic's lien or claim was filed in the suit on the lien.

On the 15th of January judgment was taken against the defendant for want of an affidavit of defence, and the damages assessed at $225.97.  On the 23d of April a levari facias was issued.

May 21st 1866.  On motion of F. B. Gowen for defendant, a rule was awarded to show cause why judgment should not be opened and defendant let into a defence, for matters appearing upon the face of the record—proceedings to stay in the mean time.

The Act of 14th April 1851, § 14, Pamph. L. 625, enacts: " That in all actions hereinafter instituted in the Courts of Common Pleas of the county of Schuylkill, on bills, notes, bonds or other instruments of writing, for the payment of money, and on book accounts in all actions and contracts for the loan or advance of money, —whether the same be in writing or not,—in all actions of scire facias on mortgages, judgments and on liens of mechanics and material-men, under the Act of 17th March 1836, and the various supplements thereto, it shall be lawful for the plaintiff at such time as the court may appoint, not less than twenty days after the return-days of the said courts, on motion to enter judgment by default, a declaration or statement first having been filed under the standing rules of said courts, notwithstanding an appearance by attorney, unless the defendant shall previously have filed an affidavit of defence, stating therein the nature and character of the same : *Provided,* That in all such cases no judgment shall be entered by virtue of this act, unless the said plaintiff shall, within two weeks after the returning of the original process, file in the office of the prothonotary of the courts aforesaid a copy of the

instrument of writing, book-entries, record or claim, except mort-
gages, on which action has been brought; and said court shall
have the same powers to make general rules and orders as are
given to the District Court of Philadelphia by the Act of the
11th of March 1836."

The court discharged the rule.

The errors assigned were, entering the judgment and discharg-
ing the rule.

*F. B. Gowen*, for plaintiff in error, cited Burkhart *v.* Parker,
6 W. & S. 480 ; Philadelphia Savings Institution *v.* Smith, 10
Barr 13.

*D. B. Green*, for defendant in error, cited Charlton *v.* Alle-
gheny City, 1 Grant 208.

The opinion of the court was delivered, February 18th 1867, by

THOMPSON, J.—It is not easy to discover the process by which
we are to decide that there is a practice in Schuylkill county on
the subject of affidavits of defence, which disregards and sets
aside an Act of Assembly to regulate the practice on that subject.
It is true the defendant in error alleges that there is, but the
plaintiff in error denies it, and this is all we have on the subject,
the court being silent on the point. The Act of the 14th April
1851 provides that in all actions instituted in the Common Pleas
of Schuylkill county, on " bills, notes, &c.," in all actions of
scire facias on mortgages, judgments, and on liens of mechanics
and material-men under the Act of 17th March 1856, and the
various supplements thereto," the plaintiff may, after a time fixed
after the return-day of the writ, not less than twenty days, take
judgment by default, a declaration or statement having been
filed against the defendant, notwithstanding an appearance, unless
the defendant shall have previously filed an affidavit of defence :
" Provided, That in *all* such cases *no judgment* shall be entered
by virtue of this act, unless the plaintiff shall, within two weeks
after the returning of the original process, file in the office of the
prothonotary of the court aforesaid a copy of the instrument of
writing, book-entries, record or claim, except mortgages on which
action has been brought."

After putting in the same category notes, bills, book-accounts,
&c., mortgages and mechanics' liens, mortgages were excepted
out of the claims copies of which must be filed. They alone were
excepted, and in all the other enumerated cases the copies were
required to be filed, and among them are mechanics' liens and
judgments. The argument is that there is no necessity for a
copy of claims, since the Lien Law requires a bill of particulars
of the claim to be filed in order to make a lien.

[Bradbury *v.* Wagenhorst.]

The legislature are not to be presumed to have been ignorant of this, for they refer to the act, and notwithstanding require the copy of the claim to be filed to entitle the plaintiff to judgment. The object of giving the particulars in the one case was to show what the lien was for, and in the other it was to be filed in court to be the foundation of a judgment.

The legislature might require this, and it was quite as reasonable as to require a copy of a judgment to be filed, as is the case in this act. It is possible it might have been thought that there might be a difference sometimes between the particulars in the lien and that of the claim. The one might contain items which the plaintiff might not care to insist on, and thus the claim differ from the lien. Whatever may have been the legislative thought, no ambiguity exists in what they have said, and when the words of a statute are plainly expressive of an intent, the interpretation must be in accordance therewith. Standing, therefore, as does this judgment, on the Act of Assembly, and confessedly without a compliance with its express terms, no rule of court, practice, usage or other cause shown to excuse or supply the omission, we cannot but hold the judgment irregular, as claimed by the defendant, and to be reversed.

The act was copied, and is almost *verbatim* the 2d section of the Act of 28th March 1855, " to establish the District Court for the City and County of Philadelphia." This act required copies of. claims in the same cases as does this. The next year it was altered by another act, the 1st section of which provides, among other things, that copies of any record of the court, where suit is brought on a record, need not be filed to entitle the plaintiff to take judgment for want of an affidavit of defence, and I am informed on good authority that the practice has been in that court to regard mechanics' liens as *quasi* records for the purposes of the Affidavit of Defence Law, and to consider them within the act.

It is probable this is the case whenever the Act of the 11th of March 1856 has been extended, but I do not discover any extension of it to Schuylkill county. If there be any such legislation, it being special it ought to have been brought to our notice. It will appear from this that a similar requirement in the Act of 1855 to that contained in this was only dispensed with by the same power that created it, namely, the legislature. It is possible that it might be done by rule of court, the matter relating to practice exclusively ; but this we do not decide. We think, therefore, the counsel for the defendant below was fully justified in waiting for the copy of claim in this case before filing his affidavit of defence.

In the Act of 1851, which we have been considering, there is a misrecital of the general mechanics' lien law which should be

corrected by the legislature. It is referred to as "the Act of 17th March 1836." It was intended doubtless to refer to the Act of 16th June 1836, and supplements. The Act of 1806, on the subject of mechanics' liens, was passed the 17th of March, and it is probable that the framer of the statute of 1851 blended the date of the Act of 1806 with the year in which it was supplied, viz. 1836, and this made a misrecital of both. To save trouble, it should be corrected, and perhaps proceedings under it cured.

For the reasons stated this judgment is reversed, and a procecedendo is awarded.