## N. Y. Central Railroad Co., Appellant, *v.* County of Venango.

Argued April 13, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*A. R. Osmer,* and with him *N. F. Osmer,* for appellant.

*F. Harold Gates,* and with him *H. T. Parker, E. C. Breene* and *A. B. Jobson,* for appellee.

OPINION BY TREXLER, P. J., July 14, 1932:

This is a suit in trespass brought by the plaintiff, the New York Central Railroad Company against the County of Venango, for damages occasioned by the Highway Department of the State of Pennsylvania. The trial resulted in a directed verdict for the plaintiff, and a judgment for the defendant n. o. v., from which judgment the plaintiff has appealed. The discussion may be shortened by confining it to the statement of question involved submitted by the appellant, it is: "Whether the defendant county is liable to the plaintiff in damages, under the provisions of the Act of April 29, 1925, P. L. 360, by reason of [The State Department of Highways] having opened and constructed a ditch over and across land of an intervening land owner, between a state highway and the right of way of the plaintiff railroad company and thereby discharged water from said highway upon said railroad right of way, thereby compelling the latter to conduct the same under its railroad to prevent injury

thereto.'' We add to this that there was no actual entry upon the railroad's right of way. The act of 1925, supra, provides: ''That the Department of Highways shall have the power and is hereby authorized to enter upon any lands or enclosures, and cut, open, maintain and repair such drains or ditches, inlets or outlets through the same as are necessary to carry the waters from roads or highways constructed or improved at the expense of the Commonwealth or under its supervision;'' and in Section 3 directs that ''Any damages sustained by the owner or owners of land *entered* upon by the Department of Highways for the purpose of cutting, opening, maintaining and repairing such drains or ditches, inlets or outlets, shall be paid by the county or counties within which said property is located.'' The county having no part in the construction that occasioned the injury, there can be no liability attaching to it unless such is definitely imposed by law. It will be observed that the Act of 1925, supra, applies only when there is an entry. In this case, as we have already observed, there was none. We may not, under the plea of liberal construction, read into the Act something that is not there. The language used is plain. There is no doubtful expression which would give us the option to select the more liberal of two constructions. Bradbury v. Wagenhorst, 54 Pa. 180. Judge PARKER, now of this court, who tried the case in the court below, in his opinion on the motion for judgment n. o. v. very pertinently observed that, ''If the Act of 1925 is given an interpretation as broad as contended for by the plaintiff then every person affected by the flow of water from or across a public highway would be entitled to damages provided only that such water should issue from a ditch or drain constructed by the State Highway Department on adjoining land. The question we are concerned with is not whether the injured is entitled to compensation

248

from the person causing the injury or whether a damage has been suffered but whether liability for such injury has been placed on a third party, to wit, the County of Venango. In that situation the Statute should be strictly construed."

We repeat that to entitle a land owner to compensation from the County, under the Act of 1925, there must be an actual entry on his land.

The judgment is affirmed.