## Puloka *v.* Commonwealth, Appellant.

Argued April 20, 1936. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Raymond E. Larson,* with him *Charles J. Margiotti,* Attorney General, and *George W. Keitel,* Assistant Deputy Attorney General, for appellant.

*John E. McDonough,* with him *R. Paul Lessy* and *Joseph E. Pappano,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1936:

In constructing a state highway in Delaware County, the Commonwealth appropriated 1.79 acres of plaintiff's land. It is situate in the Township of Ridley and borders on a creek of that name. The tract contains twelve acres. The road as constructed divided the land into two parts, leaving the barn on one side of the highway and the house and outbuildings on the other. The grade of the highway necessitated cuts of a maximum depth of five feet eight inches and fills of the maximum height of 32 feet. The jury awarded plaintiff damages in the sum of $2,662.50.

The Commonwealth contends on this appeal, notwithstanding the taking of her land, that plaintiff is not entitled to anything. The argument to sustain this conclusion is based upon the proposition that the road is a new highway and not the relocation through plaintiff's land of an old one, that the road as built upon plaintiff's property is upon a new location designated by the legislature, as distinguished from the usual and ordinary relocation made by the secretary of highways and approved by the governor under section 8 of the Sproul Act of May 31, 1911, P. L. 468, 36 P. S., section 61.

The argument starts with the general proposition that the Commonwealth is not liable for highway construction land damages unless the legislature has by statute

expressly sanctioned such damages: *Herrington's Petition,* 266 Pa. 88. For present purposes this may be granted, but as we view the legislation the Commonwealth in this instance has expressly made itself liable: Section 16 of the Act of 1911, as amended by section 2 of the Act of April 6, 1921, P. L. 107, 36 P. S., section 171,[1] provided for payment by the county of land damages due to the construction of a state highway "wherein a change of width or of existing lines and location is necessary." This responsibility of the county continued until section 16 was amended by the Act of April 13, 1933, P. L. 41,[2] and further amended by the Act of July 12, 1935, P. L. 946, 36 P. S. Cumulative Annual Pocket Part, section 171. Since the 1933 amendment, the responsibility for damages resulting from the change of width or of existing lines and location has been imposed upon the Commonwealth, if the county commissioners do not agree to assume the responsibility for such damages. In this case they did not so agree.

The position assumed by the Commonwealth is that the highway was not relocated under section 8 of the Sproul Act by the secretary of highways and approved by the governor, in which event there would be liability on the Commonwealth, but was created as a new highway by the legislature, and that therefore there is no liability for damages on the Commonwealth. When the original act creating the highway in the first instance (Act of May 5, 1927, P. L. 787, 36 P. S., section 1520), and the amending Act of May 7, 1929, P. L. 1598, are taken into view, it will be seen that the road as it runs

---

[1] A complete list of the amendments is as follows: Section 16 of the Act of 1911, as amended by section 2 of the Act of April 6, 1921, P. L. 107; section 1 of the Act of May 23, 1923, P. L. 341; section 1 of the Act of May 4, 1927, P. L. 692, and section 4 of the Act of June 26, 1931, P. L. 1388.

[2] The act was also amended by the Act of January 2, 1934, P. L. 209, section 1. The Act of 1933, however, was the first one to impose liability on the Commonwealth.

through plaintiff's property is not a new road but the relocation of an old one; and even though not relocated by the secretary of highways, this can make no difference, because the relocation was made by higher authority—the legislature—the principal as it were, not the agent.

The route for the highway was established by the Act of May 5, 1927, P. L. 787, as amended by the Act of May 7, 1929, P. L. 1598. It is designated as Highway Route No. 729. The Act of 1927 fixed it as "Commencing at the termination of Seventeenth Street in the City of Chester; and running thence across Ridley Creek into Ridley Township." The Act of June 22, 1931, P. L. 710, section 8, 36 P. S. Cumulative Annual Pocket Part, section 1705, eliminated the provision for the commencement at Seventeenth Street. This was necessary because of construction and traffic difficulties. By the Act of June 22, 1931, P. L. 720, the highway, so far as plaintiff's property is concerned, was designated as "Beginning at a point on the line dividing Ridley Township and the City of Chester at Ridley Creek and extending in a westerly direction over Twenty-second Street . . . in the City of Chester. . . ." In other words, the crossing of Ridley Creek was changed from Seventeenth Street to Twenty-second Street, and as thus relocated the road traverses plaintiff's property. It would be a novel pronouncement to say that such a relocation, if made by the secretary of highways, would render the Commonwealth liable to plaintiff for damages to her land, but that such liability would not arise if the relocation were directly made by the Commonwealth acting governmentally in its highest capacity as a sovereign state. We think the liability is beyond question. Furthermore, it can scarcely be said that the secretary of highways did not relocate the highway. The plans of the road as relocated exhibit the approval of that official and of the governor. In addition to this, the notice of the highway department to the county commissioners sets forth: "The Pennsylva-

nia Department of Highways is contemplating a change in the existing width, lines and location of State High-way Route 729, section 3, in Ridley Township."

The second argument advanced by the Commonwealth is that the testimony shows that part of the damages assessed against it are consequential, and that it is not liable for such damages, but only for the value of the land actually taken. It cites in support of this contention *McGarrity v. Com.*, 311 Pa. 436. That was not a case such as this where land is taken, there damages were claimed for the change in grade of a street. In *Soldiers and Sailors Memorial Bridge*, 308 Pa. 487, 490, we said: "Consequential damages arise when property is not actually taken or entered but an injury to it occurs as the natural result of an act lawfully done by another." In *Westinghouse Air Brake Co. v. Pittsburgh*, 316 Pa. 372, 375, we reiterated the time-honored rule for the ascertainment of damages in cases of this class, saying: "In condemnation cases, to ascertain the damages accruing to an owner from the appropriation of his land or the consequential injury that may follow such appropriation, the usual and ordinary standard is the difference in the market value before and after the taking." This was the principle applied in the case at bar, and all the so-called "consequential" damages were such as followed the appropriation. They were not put forward in the first instance as specific items of damage, but on cross-examination of plaintiff's witnesses were shown to be the elements, in addition to the value of the land, which were taken into consideration by the witnesses in determining the value of the land after the taking. This method was in accord with our further observation in the *Westinghouse* case (page 375) : "Estimates as to the cost of rebuilding specific items of property or injury to particular uses affected by the taking, are not recoverable or admissible as distinct items of damage, but such losses may become useful as elements bearing on the market value before and after the appropriation." Here

the elements of damage shown were separation of buildings by the road, interference with access, additional costs of fencing and alteration of grades. We see no error in permitting these factors to be taken into account by the witnesses: *Regina v. Monroe Co.,* 319 Pa. 257.

Complaint is made that the Commonwealth was not permitted to show that an offer had been made for a small part of plaintiff's property for a special purpose after the appropriation. Such evidence was properly excluded. The property was not to be considered piecemeal but as a whole. Moreover, it is stated in the brief of the Commonwealth that it was not the purpose to inquire of the witness as to the amount of the offer, but solely to show that he had made an offer which had not been considered by plaintiff's experts. The testimony for such purpose was not admissible. The credibility and qualification of plaintiff's witnesses were not open to attack in this manner.

The court permitted the plaintiff in rebuttal to recall her expert witnesses on valuations to show that they had considered certain sales in fixing their estimates. This was to meet the contention that they had not taken them into account. This was a matter of order of proof which was within the trial judge's discretion.

The judgment is affirmed.