## Heid, Appellant, v. Allegheny County.

Argued April 28, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John E. Winner,* with him *Floyd V. Winner,* for appellant.

*Churchill Mehard,* Assistant County Solicitor, with him *Charles Alvin Jones,* County Solicitor for appellee.

OPINION BY KELLER, P. J., July 10, 1936:

This case is governed, in principle, by our decision in N. Y. Central Railroad Co. v. County of Venango, 105 Pa. Superior Ct. 245, 161 A. 488. Relying on that case the court below entered judgment for the defendant, the County of Allegheny, notwithstanding a verdict entered for the plaintiff, in an appeal from an award of viewers. The judgment must be affirmed.

The facts involved are concisely stated by the court below, in its opinion, as follows: "Plaintiff's property, ten acres in area, abuts on the westerly side of Gass Road in Ross Township for a distance of 400 feet and lies somewhat lower than the level of the road. Before the improvement now in question, Gass Road was a township road having an open gutter along its easterly side. This gutter was used to carry surface water from

several roads and streets in the vicinity to a natural water course on the Hammerschmidt property, some 300 feet north of plaintiff's land. In 1932 the Commonwealth of Pennsylvania took over Gass road as a state highway under the authority of the so-called "Pinchot Road Act" of June 22, 1931, P. L. 594. At that time the Department of Highways resurfaced the road according to the Pinchot plan and installed two iron drain pipes under the traveled portion of the roadway, thereby diverting the flow of surface drainage from the easterly to the westerly side of the road. The drain pipes are respectively 12 inches and 15 inches in diameter and are laid entirely within the lines of the road. At their westerly ends they extend to within four feet of plaintiff's property line. They are so located that the drainage which they carry is cast upon plaintiff's land, where it works substantial damage."

The appellant, claiming that he was entitled to damages because of the turning of said surface water upon his property, and that the same were payable by the County of Allegheny, under the provisions of the Act of April 29, 1925, P. L. 360, as amended by Act of April 10, 1929, P. L. 477, presented his petition to the court of quarter sessions of said county for the appointment of viewers to assess the damages to his property to be paid by the county, caused by diverting the surface water from the east to the west side of said Gass Road and casting it upon his land. Viewers were appointed who awarded him damages of $715. Plaintiff appealed and demanded a trial by jury and the proceedings were certified to the Court of Common Pleas, with the result above-mentioned.

It is admitted that no physical entry upon appellant's land was made by the workmen of the State Highway Department and no drain or ditch was dug, cut or opened across his land by them to dispose of or carry off the water diverted to the west side of the road. Had

the road been a township road when the improvement was made the Township would have been liable *in an action of trespass* for the damages caused by diverting the water from its natural flowage: Yocum v. Township of Union, 98 Pa. Superior Ct. 540. But as respects the Commonwealth, the Constitution (Art. I, sec. 10) provides only that private property shall not be *taken* or applied to public use without authority of law and without just compensation being first made and secured. This constitutional provision does not apply to consequential damages, and the Commonwealth is not liable for such damages in the absence of a statute imposing such liability upon it: Soldiers & Sailors Memorial Bridge, 308 Pa. 487, 162 A. 309. It is not subject to question that the legislature may impose liability upon the county, as the agent or representative of the Commonwealth, for the payment of consequential damages resulting from public improvements made by or on behalf of the Commonwealth provided they are clearly and explicitly authorized, and payment of the damages resulting therefrom is just as clearly and definitely imposed on the county.

The appellant contends that this is done by the Act of April 29, 1925, supra, entitled "An Act conferring on the Department of Highways power *to enter upon private property, and open and maintain drainage channels* along roads or highways constructed at the expense of the Department of Highways or under its supervision; and providing penalty for interference with such drains or ditches; and providing for the payment of damages" (italics supplied). Section 1 of this Act provides: "That the Department of Highways shall have the power and is hereby authorized to enter upon any lands or enclosures, and cut, open, maintain, and repair such drains or ditches, inlets or outlets through the same as are necessary to carry the waters from roads or highways constructed or improved at the ex-

pense of the Commonwealth or under its supervision."
And by section 3 (as amended by the Act of April 10,
1929, supra) it is enacted (the words italicized mark
the amendment) : "Any damages sustained by the owner
or owners of land entered upon by the Department of
Highways for the purpose of cutting, opening, main-
taining and repairing such drains or ditches, inlets or
outlets, shall be paid by the county or counties within
which said property is located. *The determination of
the amount of damage shall be in accordance with ex-
isting laws relative to the determination of damages
for the relocating of State highways.*"

On the point thus presented by appellant, President
Judge Trexler, speaking for this court, said in the case
of N. Y. Central Railroad Co. v. Venango County, supra,
"The county having no part in the construction that
occasioned the injury, there can be no liability attaching
to it unless such is definitely imposed by law. It will
be observed that the Act of 1925, supra, applies only
when there is an entry. In this case, as we have al-
ready observed, there was none. We may not, under
the plea of liberal construction, read into the Act some-
thing that is not there. The language used is plain.
There is no doubtful expression which would give us
the option to select the more liberal of two construc-
tions. Bradbury v. Wagenhorst, 54 Pa. 180. Judge
Parker, now of this court, who tried the case in the
court below, in his opinion on the motion for judgment
n.o.v. very pertinently observed that, 'If the Act of
1925 is given an interpretation as broad as contended
for by the plaintiff then every person affected by the
flow of water from or across a public highway would
be entitled to damages provided only that such water
should issue from a ditch or drain constructed by the
State Highway Department on adjoining land. The
question we are concerned with is not whether the in-
jured is entitled to compensation from the person caus-

ing the injury or whether a damage has been suffered but whether liability for such injury has been placed on a third party, to wit, the County of Venango. In that situation the Statute should be strictly construed.' We repeat that to entitle a land owner to compensation from the County, under the Act of 1925, there must be an actual entry on his land."

This conclusion is strengthened not only by the title of the Act of 1925, supra, but also by a reference to its second section, as amended by the Act of 1929, supra, —the words italicized mark the amendment—"If any person shall stop, fill up, or injure any such drain or ditch, or shall divert or change the course thereof without authority from the Department of Highways, such person shall for every such offense forfeit and pay a sum of not less than four ($4.00) dollars nor more than twenty ($20.00) dollars; *such penalty to be recovered by summary conviction in an action before any magistrate, alderman, or justice of the peace, together with costs of prosecution; and such fines as shall be imposed shall be paid to the treasurer of the proper county.*"

It is clear from this section that the drains or ditches contemplated by the Act are those which are made and opened by the Department of Highways, after an actual and physical entry on the land, and that they do not include natural channels caused by the flowage of water from the side of the road, without an actual entry on the land. For, in the present case, this appellant can alter, change or divert the flow of the water which is cast upon his land by the improvement of the state highway, in such a way as to minimize the damage to his land, provided he does not, in doing so, injure the property of his neighbor, without being liable to the penalty provided for by section 2. That he has, and contemplates the exercise of, that right is seen from his petition in the court below where he stated: "and it will be necessary to construct drain pipes for a great

distance in order to carry said surface water into a ravine or creek to the west of said Gass Road. That your petitioner's lands will be damaged by reason of the easement created on said lands by the drain or sewer necessary to conduct said surface water to the ravine."

Had this been a drain or ditch constructed by the Department of Highways on and over his land, for which the County is made liable in damages by the Act of 1925, he would not be allowed or permitted to change or alter it in any respect without permission of the Department, and any such change or alteration made without such permission would be punishable as provided in the Act, and if persisted in would be enjoined in equity.

The appellant has a real grievance and should be given relief, but liability because of it has not been placed on the County of Allegheny by the Act of April 29, 1925, supra, and its amendments, or the Act of June 22, 1931, P. L. 594, and, legislative authority being lacking, it cannot be imposed by the courts.

Judgment affirmed.