## Ditches and Drains Along State Highways

MARGIOTTI, Attorney General, March 24, 1937.—We have your request for an interpretation of the so-called Ditch and Drain Act of April 29, 1925, P. L. 360, as last amended by the Act of July 18, 1935, P. L. 1285, and its applicability to particular situations, in view of the decision of the Courts of Common Pleas of Berks, Bradford, and Lehigh Counties, construing this act. We shall consider the particular situations in the order enumerated by you.

1. Responsibility of the Department of Highways in damages for changes in drainage entirely within the right of way which affect property outside the right-of-way limits. This would include both parallel and cross drainage where no entry is made on private property outside the limits of the highway. Such changes may be made in the course of maintenance or construction operations either, (a) where no new right of way is taken, or (b) where a new right of way is condemned and the drainage is confined within its limits.

We shall first consider the question of the responsibility of the department for drainage damages where no new right of way is taken, and where the changes are made entirely within the right-of-way limits. The Superior Court has clearly ruled in New York Central R. R. Co. v. County of Venango, 105 Pa. Superior Ct. 245 (1932), that the Act of 1925, supra, does not make the county liable for water discharged on plaintiff's land from a ditch constructed by the Department of Highways without entry on plaintiff's land. Similarly, the Superior Court, in Heid v. Allegheny County, 122 Pa. Superior Ct. 312 (1936), held that this act did not impose responsibility for natural channels on adjacent land, caused by the flow of water from the side of the road, where the department has constructed drainage pipes, without actual entry upon the land damaged. The court also said, by way of dicta, that there was no liability upon the Commonwealth because the act imposed none. See also Deen v. Delaware County, 23 Del. Co. 569 (1933), where it was held that damages arising from drainage of State highways are recoverable under the Act of 1925, supra, only where there has been actual entry upon the lands.

From these decisions it seems clear that there is no responsibility imposed by law upon the department for drainage damages, where there is no new right of way taken.

Where additional width is condemned and the drainage is confined within the limits of the newly acquired right of way, the department would be responsible only on the theory that such drainage damages are in the nature of consequential damages. It is clear under existing law that the Commonwealth is not responsible for consequential damages when there is no taking of land from the property holder: Soldiers and Sailors Memorial Bridge, 308 Pa. 487 (1932) ; but the Supreme Court has also held in Puloka v. Commonwealth, 323 Pa. 36 (1936), that where land is taken the department becomes responsible for consequential damages.

Such drainage damages are not specifically included within the scope of the Act of 1925, because there has been no entry upon the land for the installation of drainage facilities under the provisions of that act. Therefore, such damages would have to be regarded as consequential to the actual taking of the land, under the decision in Puloka v. Commonwealth, supra.

Three possible situations might conceivably exist wherein this question would arise:

(a) Where the additional right of way was taken prior to the 1933 amendment to section 16 of the Sproul Act of May 31, 1911, P. L. 468 (Act of April 13, 1933, P. L. 41), and therefore the county would become automatically liable for the taking; in such a case the county would also be liable for the consequential drainage damages;

(b) Where the taking occurred after the 1933 amendment to the Sproul Act, and the county agreed to assume land damages; then the county would likewise be responsible for the consequential drainage damages as pointed out infra;

(c) Where the taking occurred after the 1933 amendment to the Sproul Act, and the county refused to assume land damages; in that case the Commonwealth would become responsible for the consequential drainage damages under the reasoning in the Puloka decision.

2. The authority of the department to enter upon private property outside the limits of the highway to construct and maintain ditches and drains and the responsibility for damages, if any, in such cases. This might include both lateral and parallel ditches extending from distances outside the highway limits.

The Act of 1925, supra, provides, in section 1:

"That the Department of Highways shall have the power and is hereby authorized to enter upon any lands or enclosures, and cut, open, maintain, and repair such drains or ditches, inlets or outlets through the same as are necessary to carry the waters from roads or highways

constructed or improved at the expense of the Commonwealth or under its supervision."

This section clearly authorizes the department to enter upon private property; otherwise, the act would be meaningless, since the department would have full authority to make such entry upon its own right of way.

Of course, the purpose of such entry must be that expressed in the act, namely, to open and to maintain such drainage ditches as are necessary to carry water from State highways. The extent to which this power could be carried by the department is a question of fact, depending upon the reasonable relation between the ditch and the drainage of the highway. It certainly would not authorize the digging of all sorts of ditches in the adjoining fields, which bore no reasonable relation to the drainage problem confronting the highway engineers. On the other hand, such drains or ditches as are reasonably necessary, are clearly authorized by the act.

3. The necessity for obtaining a resolution from the county approving such changes in drainage as are contemplated by questions 1 and 2 above.

Since the facilities constructed by the Department would be either entirely within its own right of way, under authority conferred by the Sproul Act, or on private property, under the authority conferred by the Act of 1925, supra, we are of the opinion that a resolution from the county approving such changes in drainage is not necessary.

4. If a county adopts a resolution assuming responsibility for property damages on a project under the provisions of section 16 of the Sproul Act, does such acceptance include responsibility for drainage damage, without specific mention thereof being made in the resolution.

In order to answer the question here raised, it is necessary to distinguish between drainage damages entirely within the right of way of the highway and such damage occurring on private property.

In the decision of Judge Henninger, of the Court of

Common Pleas of Lehigh County, in Schreiter v. Commonwealth, 17 Leh. L. J. 75 (1936), it appears that the Commonwealth was held liable for drainage damages because the pipes were all within the right-of-way limits of the highway. We approve of this proposition of law and concur in the decision of the Lehigh County courts on the facts, although we do disagree with much of the dicta contained in this opinion. Nevertheless, this decision establishes that the Commonwealth of Pennsylvania is responsible in damages for drainage structures located entirely within the right-of-way limits of the highway (where, as seen under question 1, supra, there is a new right of way taken and condemned). Thus, the county's resolution, assuming responsibility for property damages under the provisions of the 1933 amendment to section 16 of the Sproul Act, would render the county liable in place of the Commonwealth, and such liability would include drainage damages from structures entirely within the right-of-way limits.

On the other hand, such a resolution assuming responsibility for property damages under section 16 of the Sproul Act would not include damages arising under the Act of 1925.

5. If a county adopts a resolution agreeing to assume responsibility for property damages under section 16 of the Sproul Act may it, either in such resolution or by separate resolution, refuse to assume responsibility for damages caused by changes in drainage as contemplated by the plans or is the drainage responsibility inseparable from the responsibility for property damages?

We are of the opinion that the mere fact that a general resolution of the county would render it responsible only for those damages arising under section 16 of the Sproul Act, and Schreiter v. Commonwealth, supra, does not prevent the county from agreeing, by separate resolution, or by a separate clause in a general resolution, to assume responsibility for property damages arising under the Act of 1925. In Calkins et al. v. Bradford County, 23

D. & C. 151 (1935), and Brumbach v. County of Berks, 29 Berks 129 (1936), the Act of 1925 was held unconstitutional insofar as it tries to impose responsibility upon the counties; but these decisions do not render the remaining provisions of the act unconstitutional. Moreover, the legislature, by its 1935 amendment to the Act of 1925, attempted to remove from the counties such responsibility, so that it can be no longer contended that the counties became automatically responsible for such drainage damages.

Nevertheless, we are of the opinion that the counties have the power, either by separate resolution, or by a clause in a general resolution, to assume responsibility for damages caused by changes in drainage, as contemplated by the plans under the Act of 1925; on the other hand, such drainage responsibility under the Act of 1935 is separable from the responsibility for property damage (including damage for drainage entirely within the right-of-way limits) and, therefore, must be treated as a separate item in the preparation of the county's resolution.

To summarize, you are advised as follows concerning the application of the Act of April 29, 1925, P. L. 360, as amended:

1. The Department of Highways is not responsible for drainage damages where the drainage structures are located entirely within the right-of-way limits, irrespective of whether or not there is new right of way appropriated at the time the changes in drainage are made, unless the appropriation occurred after the 1933 amendment to section 16 of the Sproul Act, and the county refused to assume liability for land damages, in which event the department would be liable for the consequential drainage damages.

2. The department has authority, under this act, to enter upon private property, outside the limits of the highway, to construct ditches and drains reasonably necessary to carry away waters from State highways,

and the Commonwealth is responsible for the damage accruing therefrom to the property owners.

3. It is not necessary to obtain a resolution from the county approving changes in drainage either within or outside the highway limits.

4. A resolution by the county, assuming responsibility for property damages, would include responsibility for drainage damages where the changes are made entirely within the right-of-way limits, but it would not include drainage damages arising from those ditches constructed outside the right-of-way limits under this act.

5. The counties may, by resolution, either refuse or agree to assume responsibility for damages caused by changes in drainage as contemplated by this act.

From Frederic Ray, Harrisburg.