## Commonwealth v. Crist

*John E. Brenneman*, for Commonwealth.
*Allen C. Wiest*, for defendant.

ANDERSON, J., July 15, 1940.—This case comes before the court upon exceptions to the record of a magistrate brought up by a writ of certiorari issued upon a special allocatur.

The record shows that the charge against defendant, H. E. Crist, was that he did unlawfully sell, offer, expose for sale, have in his possession with intent to sell, a certain carbonated beverage called "Dr. Pepper," which was not distinctly marked, labeled, and capped so as to show the true name and address of the manufacturer and bottler, contrary to the Act of May 14, 1925, P. L. 730, as amended by the Acts of May 6, 1927, P. L. 851, and June 25, 1937, P. L. 2140, particularly section 8 of said act, as set forth in the information signed by M. C. Frankhouse, an agent of the Secretary of Agriculture of the Commonwealth of Pennsylvania. Defendant was found guilty.

The exceptions filed by defendant's counsel allege that there is nothing in the acts of assembly under which de-

fendant is charged that makes the sale of a carbonated beverage in a bottle not marked, labeled, or capped to show the true name and address of the manufacturer and bottler an offense punishable by fine or imprisonment, and that there is no law in the Commonwealth of Pennsylvania which makes the act charged a criminal offense.

Section 8 of the act, under which defendant was prosecuted, follows:

"Every bottle filled with carbonated beverages or still drinks shall be distinctly marked, labeled, or capped so as to show the true name of the carbonated beverages or still drinks contained therein, and the name and address of the manufacturer or bottler."

Section 20 (a) which is the penal section of the act, provides:

"Any person violating any of the provisions of this act, except section four thereof, or interfering with, or refusing to give access to, the Secretary of Agriculture or any of his agents or assistants, shall for the first or second offense, upon conviction thereof in a summary proceeding, be sentenced to pay a fine of not less than fifty ($50) dollars nor more than one hundred ($100) dollars and the costs of prosecution, and, in default of payment of such fine and costs, shall be sentenced to undergo imprisonment in the county jail of not less than thirty (30) days nor more than ninety (90) days . . .".

The statute is penal in nature and must be strictly construed: Commonwealth v. Wolfgang, 120 Pa. Superior Ct. 252; Commonwealth v. Anspach, 134 Pa. Superior Ct. 369. In Commonwealth v. Exler, 243 Pa. 155, 163, we find this expression of the Supreme Court: "And right here we encounter the rule of interpretation that forbids any construction of a penal statute that would extend its meaning beyond its words.

" 'No person is to be made subject to a penal statute by implication, all doubts concerning their interpretation are to preponderate in favor of the accused': Bishop's Criminal Law, sec. 225 . . .

" 'The doctrine is that, when an offense is created by statute, and the same statute prescribes the penalty or the mode of procedure or anything else of the sort, only that which the statute provides can be followed . . .''.

Section 8 of this act, under which defendant was charged, provides that every bottle filled shall be distinctly marked, labeled, etc., but says nothing whatever about the sale or possession of a bottle so filled which is not marked with the name and address of the manufacturer; nor does the act anywhere prohibit the sale or possession of a bottle not so marked. This section would seem to apply to the manufacturer or bottler rather than to the seller. Section 9, which immediately follows section 8, provides that all bottles used for bottling carbonated beverages before being filled shall be cleansed by soaking in a hot caustic solution of not less than 110 degrees Fahrenheit that shall contain a certain percentage of caustic or alkali. This section likewise is evidently intended to apply to the manufacturer or bottler. Certainly by no stretch of legal imagination could the retail purchaser or seller of a filled beverage bottle which had not been so cleansed be held criminally liable under this section of the act. It seems equally evident that the purchaser at retail or possessor of a bottle which did not have the name of the manufacturer marked thereon could not be fined or imprisoned under this act. Obviously there is no more authority in the act for fining or imprisoning the seller than the purchaser, and it is clear that the legislature, if it had so intended, could have made the act of selling, or exposing for sale, a bottle not properly marked an offense as it did in section 2, which applies to selling a bottle which had not been properly registered with the Department of Agriculture. Section 2 expressly states:

"It is unlawful for any person to sell, offer, or expose for sale or exchange or give away, or have in possession with intent to sell, any carbonated beverage or still drink . . . unless the same has been registered with the Department of Agriculture. The possession of any such non-

registered beverage shall be deemed *prima facie* evidence of an intent to sell the same.

"It is unlawful for any person to import into this Commonwealth for sale any carbonated beverage or still drink which is not registered with the Department of Agriculture."

Had defendant been charged with selling an unregistered bottle under section 2 and the evidence had sustained the charge, then of course he would properly have been found guilty under the act. But this was not the charge and it was developed at the argument that the bottle in question had been properly registered. How can the court, from the language of section 8, imply that this section applies to one who sells the beverage when it merely states:

"Every bottle filled . . . shall be distinctly marked . . . so as to show . . . the name and address of the manufacturer or bottler."

In passing on this phase of the law in Grayson v. Aiman, Inc., 252 Pa. 461, our Supreme Court well stated (p. 465) :

"The argument concedes, of course, that it is the legislative intent that governs in all statutory construction, but it overlooks the fundamental rule that courts in seeking for the legislative intent must find it in the statute itself; that unless good ground can be found in the statute for restraining or enlarging the meaning of its words the courts may not subtract therefrom or add thereto. Another equally fundamental rule overlooked is, that where the words of a statute are plain and clearly define its scope and limit, construction cannot extend it."

In Bradbury v. Wagenhorst, 54 Pa. 180, we find this statement:

"Whatever may have been the legislative thought, no ambiguity exists in what they have said, and when the words of a statute are plainly expressive of an intent, the interpretation must be in accordance therewith."

It is, therefore, apparent that in its present state the statute relating to the manufacture and sale of carbonated beverages does not authorize the imposition of a fine or imprisonment for the sale at retail of a bottle of carbonated beverage not marked with the name of the manufacturer or bottler and the alderman, therefore, had no jurisdiction.

And now, to wit, July 15, 1940, defendant's exceptions are sustained and the judgment of the magistrate in finding defendant guilty is reversed, and restitution of fine and costs awarded.