In the Matter of BINGHAMTON CITIZENS PENN–CAN ROUTE 17 HIGHWAY COMMITTEE et al., Appellants, against JOSEPH C. FEDERICK, as 9th District Engineer, New York State Department of Public Works, et al., Respondents.

Third Department, December 30, 1958.

*William K. English* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Harry Silvers* and *Paxton Blair* of counsel), for respondents.

BERGAN, J. Petitioners seek an order " annulling and setting aside " public hearings concerning the location of a highway held by the respondents as officers of the State Department of Public Works. The hearings thus sought to be annulled were held December 16, 1957.

Other relief in the nature of inspection and disclosure to petitioners of information in the possession of the department, and for a direction to hold new hearings is sought. The proceeding is maintained under article 78 of the Civil Practice Act, and the petition has been dismissed by the court at Special Term for insufficiency on its face.

The factual allegations of the petition are quite insufficient· to state a cause for any relief of which the court will take cognizance.

The highway in issue is to be built under the Federal-Aid Highway Act of 1956 (U. S. Code, tit. 23, § 151 *et seq.*), and the duty of the respondents as State officers in respect of public hearings to be held in the areas affected is to be seen by reading that statute (70 U. S. Stat. 385, § 116, subd. [c]), also set forth in the United States Code (tit. 23, § 167, subd. [c]) together with the Federal regulations promulgated under such statutory authority, and section 85 of the New York Highway Law.

These statutes and regulations thus read together require the respondents to afford opportunity for, but not necessarily to hold, public hearings, give consideration to the " economic effects " of the proposed road location; file with the United States Commissioner of Public Roads a transcript of hearings if any are held; and certify to the commissioner that such opportunity to be heard has been afforded and such economic effects considered.

The Federal regulations conform literally to the terms of the statute and add only the requirement that the opportunity to be heard at public hearing should be " at a location and at a time reasonably convenient " to citizens affected by the proposed road location.

If the respondents refused to afford opportunity for hearings or to conduct them if requested, the court no doubt could compel performance of the duty imposed by law; or if hearings were held in violation of statute the acts thus in violation of law might be annulled within the general frame of article 78.

But the petition affirmatively pleads that hearings were held concerning the location of the proposed road in Broome County in which petitioners allege an interest and a concern. Petitioners allege in the general language of legal conclusion, rather than fact, that the "notices, steps and procedures" were "not posted and taken" as required by law to give public advice of the hearings.

It is not possible to determine from a pleading cast in this form that the implied statutory requirement for reasonable notice was not given; and the petitioners themselves negative the grievance of which they thus complain in this respect by admitting in effect that they were sufficiently advised of the hearings to attend them.

That a hearing was held at one place rather than another; and that it would be more convenient for citizens interested to attend it here, rather than there, certainly fails to make out a case that the hearing was not at a "reasonably convenient" time and place. There is no showing here of inconvenience worked to an oppressive degree.

Reasonable convenience does not mean that maximum convenience of everyone must be consulted; and no ground for judicial interference or annulment has been demonstrated by the showing made on petitioners' papers.

The spirit of the Federal statute and regulations and of New York's statutory acceptance and implementation is that a fair opportunity should be given to citizens to express their views on the proposed road location.

Pleading legal generalizations such as the one that the hearings were conducted "in a manner contrary to law and in disregard of the rights and privilege of Petitioners" presents no ground for judicial action when the pleading is naked of any demonstrative factual allegation in context. The Special Term was entirely right in dismissing such a petition.

As the underlying structure of the real controversy disclosed itself on the argument before us, the petitioners seem basically to complain of a refusal by the respondents to make a demonstration for the enlightenment of petitioners of engineering and other studies of alternative road route possibilities. No duty of any such scope as this has been shown to rest on respondents under the Federal statute or under any statute or controlling regulation of New York.

The order should be affirmed, without costs.

FOSTER, P. J., GIBSON and HERLIHY, JJ., concur.

Order affirmed, without costs.