177 F.Supp. 898 (1959)
Maurice HOFFMAN and Mary Hoffman, his wife, Plaintiffs,
v.
Lewis M. STEVENS, Secretary of Highways, George M. Leader, Governor of the Commonwealth of Pennsylvania, or their successor, and J. Robert Bazley, Inc., Defendants.
Civ. A. No. 6514.
United States District Court M. D. Pennsylvania.
September 23, 1959.
*899 *900 Martin Philip, Palmerton, Pa., Jack Feinberg, Slatington, Pa., Leon Kline, Philadelphia, Pa., for plaintiff.
Anne X. Alpern, Atty. Gen., Michael J. Stack, Jr., Deputy Atty. Gen., Jacob J. Kilimnik, Asst. Atty. Gen., and Albert Prutzman, Sp. Deputy Atty. Gen., for the Commonwealth.
Joseph C. Kreder, Scranton, Pa., C. J. Friedberg, Pottsville, Pa., for J. Robert Bazley, Inc.
Before STALEY, Circuit Judge, WATSON, Senior Judge, and MURPHY, Chief Judge.
JOHN W. MURPHY, Chief Judge.
In this action before a three-judge court convened pursuant to 28 U.S. C.A. §§ 2281 and 2284, plaintiffs, abutting landowners, seek to have § 8 of the Act of 1945, May 29, P.L. 1108, 36 Purdon's Pa.St.Ann. § 2391.8, declared unconstitutional; to enjoin defendants from converting a section of Pennsylvania State Highway Route No. 29 in this district into a limited access highway, and from interfering with their property or their right of access thereto. In addition they contend that defendants denied them procedural due process by failing to provide a hearing as required by § 128 of the Federal-Aid Highways Act of August 27, 1958, Pub.L. 85-767, 72 Stat. 902, 23 U.S.C.A. § 128.[1]
Jurisdiction arises under 28 U.S.C.A. § 1331(a)a claim for the requisite jurisdictional amount arising under the Constitution and laws of the United States.
Defendants move to dismissF.R.Civ. Proc. Rule 12(b), 28 U.S.C.A.for failure (a) to state a claim upon which equitable relief can be granted; (b) to exhaust adequate legal remedies available in the Pennsylvania courts; (c) the Commonwealth of Pennsylvaniathe real party in interest, necessary and indispensable is not and under the XI Amendment of the United States Constitution cannot be made a party defendant; (d) lack of jurisdiction over defendant officials; (e) laches.[2]
To facilitate movement of traffic the Pennsylvania Secretary of Highways with the approval of the Governor declared *901 and established a section of State Highway Route No. 29 (Legislative Rt. No. 163) a limited access highway. Act of 1945, supra, §§ 1, 2(a, b), 6, 36 Purdon's Pa.St.Ann. §§ 2391.1, 2391.2(a, b), 2391.6.[3] The plan was approved by the Governor, filed in the office of the Recorder of Deeds of Carbon County, the locus in quo, and defendant contractor engaged to do the required widening, construction and conversion.
Section 8 of the Act, Id. § 2391.8, empowers the Secretary of Highways to take property and pay damages therefor but provides: "The owner or owners of private property affected by the construction or designation of a limited access highway * * * shall be entitled only to damages arising from an actual taking of property. The Commonwealth shall not be liable for consequential damages where no property is taken * * *."
"In boroughs and cities such property shall be taken and damages paid therefor in the same manner as * * * provided by law for the relocation or widening of State highways in boroughs." Id. See Act May 4, 1927, P.L. 519, Art. XIV, § 1401 as amended, 53 Purdon's Pa.Stat. Ann. § 46401 et seq.
Included in the property actually taken was approximately 3½ acres, a part of plaintiffs' tract located in the Borough of Parryville. A portion thereof abutted for some 1,800 feet on both sides of Route 29. Plaintiffs maintained their home and conducted an automobile parts, grave-yard and scrap metal business there for 25 years. Only that portion included in the right of way was condemned and plaintiffs' building and personal property removed therefrom. The rest of plaintiffs' tract, their buildings and personal property, remains in plaintiffs' possession. Thereafter construction proceeded according to plans and specifications.[4] Meanwhile plaintiffs have access by means of a dirt road. Upon completion of the project access will be provided by a service road paralleling Legislative Rt. No. 163 from a point within 200 feet of the main building extending 2,800 feet to a point on the new highway.
We assume arguendo that earlier unofficial plans contemplated another exit about 100 feet west of the main building and that if it was provided plaintiffs could continue business at the same location with minimum loss; whereas under the official plans they will have to move and that zoning regulations make location nearby difficult if not impossible. Plaintiffs were not only advised that the Commonwealth intended to make just compensation but terms of possible settlement were actually discussed.
Plaintiffs rely principally upon Creasy v. Stevens, D.C.W.D.Pa.1958, 160 F.Supp. 404, 411, wherein § 8 as applied to the parties therein and under the circumstances there present, was declared unconstitutional;[5] but that decision was reversed in Martin etc. v. Creasy, 1959, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186, and here there was an actual physical taking. See and cf. Note 63 Dickinson Law Review 163.
"The measure of damages where there has been an actual taking of land by the Commonwealth * * * is *902 the difference in market value of the whole tract, of which the land taken is a part, before the taking and the market value of the land remaining after the taking, as affected by the taking." Johnson's Petition, 1942, 344 Pa. 5, 7, 10, 23 A.2d 880, 881. "* * * to ascertain the damages accruing to an owner from the appropriation of his land or the consequential injury that may follow from such appropriation, the usual and ordinary standard is the difference in market value before and after the taking. Estimates as to * * * injury to particular uses affected by the taking are not recoverable or admissible as distinct items of damages, but such losses may become useful as elements bearing on the market value before and after the appropriation." Westinghouse Air Brake Co. v. City of Pittsburgh, 1934, 316 Pa. 372, 375, 176 A. 13, 14; Spiwak v. Allegheny County, 1950, 366 Pa. 145, 147, 77 A.2d 97;[6] Bauman v. Ross, 1897, 167 U.S. 548, 574, 17 S.Ct. 966, 976, 42 L.Ed. 270. "When the part not taken is left in such shape or condition as to be in itself of less value than before, the owner is entitled to additional damages on that account."
"The fundamental right guaranteed by the XIV Amendment is that the owner shall not be deprived of the market value of his property under a rule of law which makes it impossible for him to obtain just compensation." McCoy v. Union Elevated R. Co., supra, 247 U.S. 354 at page 365, 38 S.Ct. at page 507. And see Dohany v. Rogers, 1930, 281 U.S. 362, 369, 50 S.Ct. 299, 74 L.Ed. 904, 68 A.L.R. 434; Bragg v. Weaver, 1919, 251 U.S. 57, 59, 40 S.Ct. 62, 64 L.Ed. 135. Section 14 of the Act, Id. § 2391.14 appropriates funds for carrying out its provisions. As to reasonably prompt payment, see Joslin Mfg. Co. v. City of Providence, 1923, 262 U.S. 668, 677, 43 S.Ct. 684, 67 L.Ed. 1167.
Confronted with the situation in Creasy v. Stevens, supra, Creasy v. Lawler, 1956, 8 Pa.Dist. & Co.R.2d 535 affirmed per curiam 389 Pa. 635, 133 A.2d 178, stated at 538-539, of 8 Pa.Dist. & Co.R.2d: "All of plaintiffs' rights can be protected and secured in a proceeding before viewers, as is provided in § 8. * * Here the legislature * * * provided a way in which every property owner may have it decided whether he is entitled to compensation and, if so, when, for what, and in what amounts * * *. Plaintiffs * * * have the right to proceed before viewers on the question of their right to damages. In the orderly course of the procedure provided by The Limited Access Highways Act, they will have a right of appeal to the common pleas court and a jury trial, and still later to have their rights adjudicated in the appellate courts. At all times their constitutional rights, whatever they may be, will be guarded and protected."
And see Martin v. Creasy, supra, 360 U.S. at page 223, 79 S.Ct. at page 1037, "In the light of this pronouncement it is difficult to perceive the basis for the District Court's conclusion that the plaintiffs would be irreparably harmed unless the state officers were enjoined from proceeding under the statute." And again at 224, of 360 U.S. at page 1037, of 79 S.Ct.: "It must be assumed that the courts of Pennsylvania meant what they said * * *. Assuming * * * there was a basis to support intervention by a court of equity, the District Court, we think, should nevertheless have declined to adjudicate this controversy. The circumstances which should impel a federal court to abstain from blocking the exercise by state officials of their appropriate functions are present here in a marked degree."
In view of the conclusions reached herein we shall not further discuss defendants' objections (c), (d) and *903 (e), except to note that "The applicable principle is that, where state officials, purporting to act under state authority, invade rights secured by the Federal Constitution, they are subject to the process of the federal courts in order that the persons injured may have appropriate relief." Sterling v. Constantin, 1932, 287 U.S. 378, 393, 53 S.Ct. 190, 193, 77 L.Ed. 375.
In light of Pennsylvania law affording plaintiffs appropriate proceedings for the protection of all their rights there is on this score no claim stated upon which equitable relief may be granted; plaintiffs have failed to exhaust adequate legal remedies afforded them by the Pennsylvania state courts. Martin etc. v. Creasy, supra, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186.
Although Pennsylvania funds were appropriated for carrying out the provisions of the Limited Access Highway Act, supra, the Department of Highways sought and received federal aid for this project. Section 128 of the Federal Aid Highways Act, supra, requires the Department to consider the economic effects of the location and to certify to the Secretary of Commerce that a public hearing was held or an opportunity for such hearing provided in the locus in quo to allow persons affected to express their objections to such location. The Commonwealth certified that in accordance with well-established procedure of the Bureau of Public Roads the project was advertised; no hearings were requested and therefore none were held. The project was approved; a formal agreement excuted (§ 110)[*]; a contractual obligation for payment of its proportional contribution assumed by the Federal government (§ 106)[*]. Once sums apportioned, pursuant to an authorization, are certified by the Secretary of Commerce to the Department of Highways they are available for expenditure (§ 118)[*].
Plaintiffs contend that they sent a letter to the Division Engineer of the Department of Highways requesting a hearing and despite such request, in violation of the statutory command, no such hearing was held. They arguewithout any supporting authoritythat the purpose of § 128 was to make state condemnation procedures conform with that of the federal government and that failure to comply therewith amounted to a denial of procedural due process.
Assuming arguendo a hearing was requested and was not held it would not give rise to any constitutional question so far as plaintiffs' rights are concerned. Certainly it is not sufficient reason for a federal court to assume jurisdiction under the due process clause. Combs v. Illinois State Toll Highway Commission, supra, 128 F.Supp. at page 310. The provision in § 128 was obviously intended to insure wise and fair use of federal funds. Under Pennsylvania law and policy, absent federal aid, such hearings are not required or held. At best, failure to afford a hearing might give rise to a dispute between the Secretary of Commerce and the Pennsylvania Department of Highways as to the allocation and use of federal funds. See and cf. Piekarski v. Smith, Del.Ch.1958, 147 A.2d. 176, 182; Binghamton Citizens Penn-Can Route 17 Highway Committee v. Federick, 3rd Dept., 1958, 7 A.D.2d 170, 180 N.Y.S.2d 913, 915. Such administrative action is a preliminary step. Robinette v. Chicago Land Clearance Commission, D.C.N.D.Ill. E.D.1951, 115 F.Supp. 669, 672. It may be raised, albeit to no avail at this late date, in a state court proceeding. Id. 673; Combs v. Illinois State Toll Highway Commission, supra, 128 F.Supp. 307. Adoption of the plan and approval by the Governor constituted an appropriation of plaintiffs' land to become effective upon entry. Lubrecht v. Com., 1944, 350 Pa. 47, 52, 38 A.2d 242. "The power of eminent domain is an attribute of sovereignty * * *. It cannot be surrendered, and if attempted to be contracted away, it may be resumed at will." State of Georgia v. City of Chattanooga, 1924, 264 U.S. 472, 480, 44 S.Ct. 369, 370, 68 L.Ed. 796. *904 It is not dependent upon any specific grant. Albert Hanson Lumber Co. Ltd. v. United States, 1923, 261 U.S. 581, 587, 43 S.Ct. 442, 67 L.Ed. 809. With its exercise the United States has no right to interfere by any of its departments. Boom Co. v. Patterson, 1878, 98 U.S. 403, 406, 25 L.Ed. 206. The particular manner or source of payment is not plaintiffs' concern. Spann v. Joint Boards of School Directors, 1955, 381 Pa. 338, 350, 113 A.2d 281.
"Where the intended use is public, the necessity and expediency of the taking may be determined by such agency and in such mode as the state may designate. They are legislative questions, no matter who may be charged with their decision, and a hearing thereon is not essential to due process in the sense of the XIV Amendment." Bragg v. Weaver, supra, 251 U.S. at page 58, 40 S.Ct. at page 63; Joslin Mfg. Co. v. City of Providence, supra, 262 U.S. at page 678, 43 S.Ct. at page 689; Rindge Co. v. County of Los Angeles, 1923, 262 U.S. 700, 709, 43 S.Ct. 689, 67 L.Ed. 1186; State of Georgia v. City of Chattanooga, supra, 264 U.S. at page 483, 44 S.Ct. at page 371. Whether a particular property is needed for public use is likewise a legislative or executive, not a judicial question. United States v. Carmack, 1946, 329 U.S. 230, 247, 67 S.Ct. 252, 91 L.Ed. 209, 18 Am.Jur.Em.Dom. §§ 105, 106.
As to the history and purpose of Federal Aid Highway legislation and of the 1958 Act, see Vol. 2, U.S.Cong. & Adm. News (1958), pp. 2367, 2368,[7] 3942-3944; George W. Bush & Sons Co. v. Maloy, 1925, 267 U.S. 317, 324, 45 S.Ct. 326, 69 L.Ed. 627; Morris v. Duby, 1927, 274 U.S. 135, 143, 145, 47 S.Ct. 548, 71 L.Ed. 966; Nashville C. & St. L. Ry. v. Walters, 1935, 294 U.S. 405, 417, 55 S.Ct. 486, 79 L.Ed. 949.
Since plaintiffs have failed to state a claim upon which equitable relief may be granted and an adequate remedy at law is open to them, the prayer for injunctive relief will be denied and the complaint dismissed without prejudice. 28 U.S.C.A. § 2284(1, 3, 5); cf. Martin etc. v. Creasy, supra. We find no merit in plaintiffs' assertion of lack of power of a three-judge court to grant a motion to dismiss.[8]
An order of dismissal will follow.
NOTES
[1] V Amendment: "No person shall be * * * deprived of * * * property, without due process of law; nor shall private property be taken for public use, without just compensation." A limitation on the power of the federal government, see Fallbrook Irrigation District v. Bradley, 1896, 164 U.S. 112, 158, 17 S.Ct. 56, 41 L.Ed. 369.

XIV Amendment, § 1: "* * * nor shall any State deprive any person of * * * property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Depriving one of property without just compensation is a denial of due process of law. McCoy v. Union Elevated R. Co., 1918, 247 U.S. 354, 363, 38 S.Ct. 504, 62 L.Ed. 1156; Chicago, Burlington & Quincy R. Co. v. City of Chicago, 1897, 166 U.S. 226, 241, 17 S.Ct. 581, 41 L.Ed. 979. Plaintiffs add Art. 1, § 10 of the Pennsylvania Constitution, P.S.Const. "* * * nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured." A matter for the state courts. See Combs v. Illinois State Toll Highway Commission, D.C.N.D.Ill. E.D.1955, 128 F.Supp. 305, 308.
Plaintiffs' request for a temporary restraining order was withdrawn.
[2] By agreement of counsel and order of court the action was dismissed as to Joseph A. Modrick, Prothonotary, and Charles D. Neast, Sheriff of Carbon County.
[3] As defined by § 1 of the Act, Id. § 2391.1, a limited access highway is "a public highway to which owners or occupants of abutting property or the travelling public have no right of ingress or egress to, from or across such highway, except as may be provided by the authorities responsible therefor." See Bridgewater Borough v. Pa.P.U.C., 1956, 181 Pa. Super. 84, 90, 123 A.2d 266, 124 A.2d 165.
[4] An appeal to the Supreme Court of Pennsylvania by plaintiffs from an order of the lower court compelling them to surrender possession was pending at the time of the argument herein. A petition for suspersedeas was denied. In that appeal the plaintiffs raised inter alia the same questions sub judice.
[5] An existing "`land-service' road" was declared to be a limited access highway. There was at least as to some plaintiffs a total deprivation of access but no actual physical taking of any land. Plaintiffs argued and the court agreed that the Commonwealth although taking all of plaintiffs' access would not allow any compensation therefor.
[6] Puloka v. Commonwealth, 1936, 323 Pa. 36, 41, 185 A. 801, consequential damages; interference with access, Id. 323 Pa. 42, 185 A. 803; loss of business, Regina v. Monroe County, 1935, 319 Pa. 257, 259, 179 A. 36; Heil v. Allegheny County, 1938, 330 Pa. 449, 453, 456, 199 A. 341.
[*] 23 U.S.C.A.
[7] "* * * reducing unemployment, placing our productive facilities into more complete usefulness, and making earlier completion of sections of our Nation's highways possible, thereby advancing their increased contribution to the enhancement of our national productivity and our continued economic growth and prosperity."
[8] Gibbs v. Buck, 1939, 307 U.S. 66, 70, 71, 76, 77, 59 S.Ct. 725, 83 L.Ed. 1111; Stratton v. St. Louis Southwestern R. Co., 1930, 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135; Davis v. Wallace, 1922, 257 U.S. 478, 482, 42 S.Ct. 164, 66 L.Ed. 325; Morris v. Duby, supra, 274 U.S. at page 140, 47 S.Ct. at page 548; State of Georgia v. City of Chattanooga, supra, 264 U.S. 472, 483, 44 S.Ct. 369, 68 L. Ed. 796; Siler v. L. & N. R. Co., 1909, 213 U.S. 175, 191, 29 S.Ct. 451, 53 L. Ed. 753; Louisville & Nashville R. Co. v. Garrett, 1913, 231 U.S. 298, 303, 34 S.Ct. 48, 58 L.Ed. 229; Sterling v. Constantin, 1932, 287 U.S. 378, 393, 394, 53 S.Ct. 190, 77 L.Ed. 375; Robinette v. Chicago Land Clearance Commission, supra, 115 F.Supp. at page 671; Snyder's Drug Stores, Inc. v. Taylor, 8 Cir., 1955, 227 F.2d 162, 165; South v. Peters, D.C. N.D.Ga.1950, 89 F.Supp. 672, affirmed 339 U.S. 276, 70 S.Ct. 641, 94 L.Ed. 834; Public Service Commission of State of Missouri v. Brashear Freight Lines, Inc., 1941, 312 U.S. 621, 625, 61 S.Ct. 784, 85 L.Ed. 1083; Ayrshire Collieries Corp v. United States, 1947, 331 U.S. 132, 136, 67 S.Ct. 1168, 91 L.Ed. 1391; Phillips v. United States, 1941, 312 U.S. 246, 248-254, 61 S.Ct. 480, 85 L.Ed. 800; Atlantic Fishermen's Union v. Barnes, D.C.D. Mass., 1947, 71 F.Supp. 927; Jacobs v. Tawes, 4 Cir., 1957, 250 F.2d 611; Moore Comm. on U. S. Jud. Code (1949) § 0.03 (6) (20).