# Saeger, Appellant, *v.* Commonwealth of Pennsylvania.

*Road law—State highways—Diversion of route—Property along old route — Damages — Constitutional law — Eminent domain — Award of viewers—Appeal—Acts of June 13, 1836, P. L. 551; May 31, 1911, P. L. 468; May 28, 1913, P. L. 368, and June 27, 1913, P. L. 633—Nonsuit.*

1. The general road law of the State is the Act of June 13, 1836, P. L. 551, Section 18, conferring upon courts authority to change

or vacate the whole or any part of public roads, and this act is not repealed or modified by the Act of May 31, 1911, P. L. 468, relating to State highways and conferring upon the State highway commissioner power under certain circumstances to divert the course or direction of the routes of State highways designated in such act.

2. The vacation of a road or street is not an injury to the abutting land owners within the provisions of the Constitution requiring compensation for private property taken in the exercise of the right of eminent domain, and in the absence of special legislative provision for damages none can be recovered.

3. On an appeal from an award of viewers plaintiff alleged he had suffered damages by reason of the substitution or diversion of a public road through plaintiff's farm, at the direction of the State highway commissioner. It appeared that the road, which had been designated as part of a State highway under the Act of 1911, had been diverted from its original course through plaintiff's land in a township of the second class by the construction of a new road through other property. The termini of the new road connected with the original route of the State highway and the new course avoided two railroad grade crossings. There was no formal vacation of the old road by the Court of Quarter Sessions. The lower court held (1) that there was in fact no vacation; and (2) that even if there had been, no statute provides damages therefor, and entered a compulsory nonsuit. *Held,* no error.

4. In such case the Acts of May 28, 1913, P. L. 368, giving a right of action against cities, counties, boroughs and townships, and June 27, 1913, P. L. 633, relating to damages accruing where a road is formally vacated, gave the plaintiff no remedy against the Commonwealth for the diversion of the road.

Argued April 24, 1917. Appeal, No. 95, Jan. T., 1917, by plaintiff, from judgment of C. P. Crawford Co., Sept. T., 1916, No. 5, refusing to take off compulsory nonsuit in case of C. W. Saeger v. Commonwealth of Pennsylvania. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.. Affirmed.

Appeal from award of viewers.

The facts appear in the following opinion by PRATHER, P. J.:

This case arose out of an appeal from the award of viewers assessing damages in favor of plaintiff for the va-

cation of a certain portion of a public highway in front of plaintiff's dwelling house by the commissioner of highways.

The highway in question extends from Meadville to Erie and is the highway described as Route 84 in the Act of May 31, 1911, P. L. 468, 482.   This public road became a State highway on or before June 1, 1912, by virtue of the provisions of Section 5 of said act, and thereafter, according to the provisions of Section 6 thereof, came "under the exclusive authority and jurisdiction of the State Highway Department."

Section 8 of said act provides:

"Whenever in the construction, reconstruction, maintenance and repair of any of the State highways, it shall appear to the commissioner that any part or portion of a State highway, as now defined and described in this act, is dangerous or inconvenient to the traveling public, in its present location, either by reason of grades, dangerous turns, or other local conditions; or that the expense to the Commonwealth in the construction, building, rebuilding, maintenance and repair thereof would be too great or unreasonable, and could be materially reduced or lessened by a divergence from the road or route; the commissioner is hereby empowered to divert the course or direction of same; and he may diverge from the line or route of same as herein described, in such direction or directions as in his discretion may seem best, in order to correct said danger or inconvenience or lessen the cost to the Commonwealth."

By stipulation of counsel it was agreed that the State highway commissioner in 1914 and 1915 had diverted from its original course a certain part of said State highway lying wholly within the Township of Woodcock, a township of the second class, and passing through plaintiff's farm, by constructing a new road about one mile in length along the west side of the Erie railroad track and west of the right of way of the Northwestern Pennsylvania Railway Company; the termini of said new road

connecting with points on the State highway, thereby substituting said new road for that part of the State highway lying between said points and east of said railroad and street railway.

The said highway in this vicinity extends in a general north and south direction. The substitution or divergence complained of avoids two railroad crossings at grade.

With these facts conceded upon the trial, we were of the opinion that plaintiff had no cause of action against the Commonwealth for the conduct of the State highway commissioner; hence, rejected the offer to prove damages and directed a nonsuit.

It is clear that plaintiff's right to recover must rest upon some constitutional or statutory provision. Counsel for plaintiff contend that the recited facts operate as a vacation of said road. But, even if so, the Constitution of 1874 gives no right to damages for the vacation of a public highway.

Let us then inquire: (a) Whether there was in fact a vacation, and if so: (b) Whether any statute provides damages therefor.

We are of the opinion that the diversion complained of does not in fact vacate the portion of road now rejected from said State highway.

The general road law of the State is the Act of June 13, 1836, P. L. 551. Section 18 thereof provides: "The courts aforesaid shall......have authority to change or vacate the whole or any part of any......public road."

With reference to laying out and vacating public highways, this act is still the law of the State. This act is not repealed or modified by the Act of 1911. The latter act neither vests in the State highway commissioner any authority to vacate a public road, nor makes any reference to the subject of vacation. The reasonable inference flowing therefrom is that the legislature, in granting the commissioner of State highways the authority to divert the course of a State highway for reasons

named, intended such act to be a divergence and not a vacation.

If the road through plaintiff's farm has not been vacated, it remains a public highway to all intents and purposes, as fully as it was at and prior to the passage of the Act of 1911. If this conclusion is correct, plaintiff has no cause of action. But if we err in this, plaintiff is still confronted with the well settled rule, stated by the Supreme Court in Howell v. Morrisville Borough, 212 Pa. 349, 352, as follows:

"It must therefore be accepted as settled law, that the vacation of a highway or street is not an injury to the abutting landowners within the provisions of the Constitution requiring compensation, and in the absence of special legislative provision for damages none can be recovered."

See also Ruscomb Street, 30 Pa. Superior Ct. 476 (478), and cases therein cited. Also Wetherill v. Penna. R. R. Co. et al., 195 Pa. 156; Snively v. Washington Township, 218 Pa. 249; Winner v. Graner, Kuntz, Baun & Reserve Twp., 173 Pa. 43; Wagner v. Township of Salzburg, 132 Pa. 636.

We find no statute squinting at the liability of the Commonwealth for the act complained of in the case before us.

Our attention is called to the Acts of May 28, 1913, P. L. 368, and June 27, 1913, P. L. 633. But the former gives the injured party an action "against cities, counties, boroughs or townships," while the latter applies to damages accruing in a proceeding by viewers to vacate a road, which results in a vacation of the road. Clearly, neither of these acts gives the plaintiff the remedy he is now invoking.

Finally, for illustration, assume the new road constructed by the State highway commissioner to remain its present length, and that the portion diverted from and alleged to have been vacated thereby, instead of being one mile in length, to be a detour of three or four

miles, it certainly would not be urged that this old detour highway was vacated by the adoption of a short cut, as expressly allowed by the act creating the State highway in question.

It is also to be observed that of the various State highway routes established by the Act of 1911, fourteen were changed by the Act of July 22, 1913, P. L. 941, and nine were changed by the Act of June 7, 1915, P. L. 860, and neither of these acts suggests that such changes were considered as a vacation of any public road, nor does either act recognize any liability upon the part of the Commonwealth for so doing.

We are of the opinion that the court committed no error in the rejection of the proposed evidence and the entry of a compulsory nonsuit; therefore, the rule to take off said order should be discharged.

The lower court entered a compulsory nonsuit which it subsequently refused to take off.    Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off the nonsuit.

*Frank J. Thomas,* with him *J. P. Colter,* for appellant.

*William H. Keller,* First Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, and *George F. Davenport,* for appellee.

PER CURIAM, May 14, 1917:

The judgment is affirmed on the opinion of the learned court below discharging the rule to take off the nonsuit.