## Wright, Appellant, v. Luzerne County.

*Road law—Vacation of road—Damages—Township roads—Liability of county—Constitutional law—Title of act—Acts of May 28, 1913, P. L. 368, and June 27, 1913, P. L. 633.*

Prior to the passage of the Act of May 28, 1913, P. L. 368, the

owner of land abutting on a public highway had no franchise or vested right of any kind in the perpetual maintenance of the highway on a fixed location. He could not, therefore, recover damages if such highway were vacated.

There is nothing in the Act of May 28, 1913, P. L. 368, which allows damages to be imposed on a county where a township road is vacated at the instance of the township itself or some of the inhabitants therein; nor can such damages be imposed upon the county by the provisions of the Act of June 27, 1913, P. L. 633, entitled "An Act to permit viewers to award damages for the vacation of streets, roads or highways to abutting owners where no land is actually taken."

If provisions in the body of the Act of June 27, 1913, P. L. 633, could be fairly construed as to impose liability on the county for the vacation of a township road, then the act is clearly unconstitutional by reason of its defective, inadequate and misleading title.

Argued March 6, 1917. Appeal, No. 2, March T., 1917, by plaintiff, from judgment of C. P. Luzerne Co., June T., 1915, No. 261, for defendant n. o. v. in case of Jacob Wright v. Luzerne County. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition to vacate a township road. Before FULLER, P. J.

From the record it appeared that viewers had awarded damages against Luzerne County for the vacation of a township road. The county appealed and an issue was framed. The jury returned a verdict for plaintiff for $350. The court entered judgment for defendant n. o. v.

*Error assigned* was the judgment of the court.

*Quincy A. Gates,* for appellant.—The county is liable for the payment of damages on the vacation of a public road: In re Greenfield Avenue, 191 Pa. 290; Davis v. Moore, 50 Pa. Superior Ct. 494; Pinkerton v. Penna. Traction Co., 193 Pa. 229; Gilbert's Est., 227 Pa. 648; Smith, Etc., Machinery Co. v. Brown, 206 Pa. 543.

*William S. McLean,* with him *William S. McLean, Jr.,* County Solicitor, for appellee: Fedorowicz v. Brobst, 62 Pa. Superior Ct. 458; Roush v. Northumberland Co., 63 Pa. Superior Ct. 314.

OPINION BY HEAD, J., October 8, 1917:

Prior to 1913 it seemed to be the universally accepted conclusion that the owner of land abutting on a public highway had no franchise or vested right of any kind in the perpetual maintenance of the highway on a fixed location. The public had simply acquired an easement of way over a portion of his land which might be abandoned at the pleasure of the public for whose benefit the servitude existed. With the vacation of the highway the servitude was extinguished and the owner of the fee regained the absolute dominion of all of his land. As it was not thought this could work a substantial injury to the landowner, no cause of action accrued to him from the vacation of the highway on which his land abutted. The entire question has been fully discussed in the opinions of Mr. Justice DEAN in Daughters of the American Revolution v. Schenley, 204 Pa. 572, and Chief Justice MITCHELL in Howell v. Morrisville Borough, 212 Pa. 349. In the latter the summing up is this: "It must therefore be accepted as settled law, that the vacation of a highway or street is not an injury to the abutting landowners within the provisions of the Constitution requiring compensation, and in the absence of special legislative provision for damages none can be recovered."

By a proceeding duly begun in the Court of Quarter Sessions of Luzerne County and carried to final completion, a township road was regularly vacated. The report of the viewers, which was finally confirmed by the court, found that some injury would result to two or three property owners and awarded to them damages which were assessed upon the County of Luzerne. One of these owners, being dissatisfied with the amount awarded to him, appealed to the Court of Common Pleas

of county. Thereupon, with the consent of counsel, an issue was framed and on the trial of it the jury was di-rected to ascertain the amount of the damages the prop-erty owner should receive. A verdict was accordingly rendered in his favor. Thereafter, upon consideration of the whole record, the learned trial judge was of opinion that no liability on the part of the county to pay such damages had been established and entered judg-ment n. o. v. in favor of the county. From that judg-ment comes this appeal.

It has been already pointed out that no such liability could exist without legislative action. By an act ap-proved May 28, 1913, P. L. 368, the legislature, for the first time, provided that damages might be recovered for the vacation of a road or street under conditions stated in the act. We quote so much of the enacting clause as will disclose the conditions referred to. "Section 1. Be it enacted, &c., That the right to damages against cities, counties, boroughs, or townships is hereby given to all owners of lands abutting on roads injured by the laying out......, vacating, extending or grading of said roads, streets,......or the changing of grades or lines thereof, by said cities, counties, boroughs, or townships." Now it is clear enough that under this statute liability is im-posed on the municipalities mentioned when and only when the vacation, for instance, of a street or road is brought about "by said cities, counties, boroughs or townships." It did not undertake to declare any liabil-ity on the part of a county where the vacation of a road in an outlying township was brought about at the in-stance of the township itself or of some of the residents therein. As a consequence this statute cannot be the foundation of any liability in the case before us. This act was the only existing law on the subject when the same legislature, a month later, passed the Act of June 27, 1913, P. L. 633. Can this act be fairly so constrned as to justify the conclusion that in every case of the vacation of a township road the county at large is to be

assessed with all damages which the viewers may find to have resulted from such vacation? The act is entitled "An Act to permit viewers to award damages for the vacation of streets, roads or highways to abutting owners where no land is actually taken."

It is first to be observed that the title quoted contains nothing which in the most remote way would indicate that the counties of the Commonwealth had any interest whatever in the statute or that the legislature was about to undertake to impose upon the counties a liability theretofore unknown. The act provides: that whenever viewers are appointed to vacate any public road, and the vacation of the same takes no land from the owner of the land abutting thereon, if, in the opinion of the viewers, the vacation of said road damages the property of the abutting owner, they may award damages to such owner as though land had been actually taken, and such damages shall be paid as is now provided by existing laws where land is actually taken for the opening, vacating and laying out of roads, streets, and highways. We may say in the language of the learned court below, "We are puzzled to know in what manner in any case land could be actually taken for vacating a road." If the language of the enacting clause is to be construed in the manner contended for by the learned counsel for appellant, it would be difficult to see how to escape the conclusion that the title to the act was so clearly defective and inadequate as to be actually misleading. It would therefore necessarily be ranged in the class of statutes which are condemned by the Constitution itself in such cases. It is true the legislature has said that where a road is vacated and the abutting property owner is injured thereby, he shall have damages as if his land had been taken. We can draw no conclusion from this obscure language other than that the right of such owner to damages in case of the vacation of a road is put on the same footing, in the eye of the law, as his right

to damages if his land had been taken for the opening of a road.

We are still left in the dark, however, up to this point, as to the source whence must come the payment. This is the language of the statute on that precise question: "And such damages shall be paid as is now provided by existing laws where land is actually taken for the opening, vacating and laying out of roads, streets, &c." As we have already shown, the only existing statute dealing with damages for the vacation of roads, streets, etc., to wit, the Act of May 28, 1913, could have no application to the facts of this case. It is urged upon us, however, that because the Act of 1836 provided that the damages resulting to a property owner by the laying out and opening of a road should be paid out of the county funds, the legislative intent in the Act of 1913 was that the damages for vacation therein allowed were to be paid from the same funds which would have been chargeable under the Act of 1836 with damages for the actual taking of property. By this unsatisfactory, if not strained construction of the obscure language of the Act of 1913, we are asked to reach the conclusion that the legislature has expressed an intention to overturn the long established legal status of a county with relation to township roads. This would further result in imposing upon all the counties of the Commonwealth a liability for damages for the vacation of a road brought about, not by counties which had nothing to do with their laying out, opening or maintenance but by the townships or the citizens thereof for the benefit chiefly of the local community. It is doubtless within the power of the legislature to enact such a law, but it should be by the passage of an act which in its title and enacting clauses should so clearly express the legislative intent as to give warning to the county officials throughout the Commonwealth of the important change to be brought about in their relations to township roads.

Adopting either of the conclusions adverted to, we are

of opinion the judgment of the lower court was right. If a proper construction of the Act of 1913 does not cover the case of the plaintiff, he is without remedy. If, on the other hand, it should be held that the language of the statute does fairly contemplate a state of facts such as we have before us, then it seems clear the statute must fall because of the defective, inadequate and misleading character of its title.

We do not deem it necessary to discuss the second question advanced by the appellant, namely, that the county is estopped to question the validity of the statute on account of its title further than to say we regard the position as entirely untenable. The assignments of error are overruled.

Judgment affirmed.