Hart, J.
The question before us may be stated thus: Where a property abuts on an existing state highway and such highway is relocated so that the property does not abut on the new highway but continues to abut on the original highway as a county highway, and the owner of such property continues to have the same access thereto, in addition to access to the relocated portion of the highway at both ends thereof, by two lanes from one highway to the other, is there a taking of any property rights of such property owner?
It is the claim of the respondent that no physical property of relators was taken for the relocation project; that the old highway in front of relators’ property will not be physically changed; that, although the *101 property will no longer be on a state highway, it will be on a county highway to which relators’ access and use will be the same as before; that the traveling public will have the same highway access to relators’ property as before; and that no property right of the relators has been denied, taken or appropriated, incident to the relocation project.
On the other hand, relators claim that their access easement was destroyed by the relocation, and that the old highway upon which their property continues to abut will not be a publicly traveled highway, as a result of which they have suffered a legal wrong for which they may assert a claim for compensation and damages. They cite, as supporting their contention, the following cases: State, ex rel. McKay, Exr., v. Kauer, Dir., 156 Ohio St., 347, 102 N. E. (2d), 703 (a narrowing of a street and a change of an abutting street grade); Crawford v. Village of Delaware, 7 Ohio St., 460, 469 (change of an unestablished abutting street grade to an unreasonable grade); Jackson v. Jackson, 16 Ohio St., 163 (alteration of road running through plaintiff’s land and intersecting other roads, by vacating the old road to or near plaintiff’s line, but leaving it open through his land); Kinnear Mfg. Co. v. Beatty, 65 Ohio St., 264, 282, 62 N. E., 341, 87 Am. St. Rep., 600 (vacation of a part of street other than portion on which plaintiff’s property abutted); Hall v. Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co., 85 Ohio St., 148, 97 N. E., 381 (construction of railroad tracks across a street that afforded the only reasonable means of access to property abutting thereon).
This court has held that “an abutting lot owner has such an interest in the portion of the street on which he abuts, that the closing of it up, or the impairment of its use as a means of access, or the addition of a new burden, is a taking of private property for a pub- *102 lie use, and cannot be done without compensation.” Kinnear Mfg. Co. v. Beatty, supra, 282, and cases cited.
However, the facts in the instant case do not show the impairment of the use of the highway on which relators’ property abuts, but only the opening of a new highway which diverts public travel from the old highway. The cases above noted and cited by relators are not applicable to such a situation.
In general, the right of access includes the right to use a highway as an outlet from abutting property to a connecting highway by any mode of travel or conveyance appropriate to a highway and the right to use the highway in front of the property in connection with its use and enjoyment in such manner as is customary and reasonable. 25 American Jurisprudence, 448, Section 154; 1 Lewis on Eminent Domain (3 Ed.), 190; Krebs v. State Roads Commission, 160 Md., 584, 154 A., 131; Brehm v. State Roads Commission, 176 Md., 411, 5 A. (2d), 820, 6 A. (2d), 378; State v. Hoblitt, 87 Mont., 403, 288 P., 181; Nelson v. State Highway Board, 110 Vt., 44, 1 A. (2d), 689, 118 A. L. R., 915, and annotation; Heil v. Allegheny County, 330 Pa., 449, 199 A., 341.
Mere circuity of travel, necessarily and newly created, to and from real property does not of itself result in legal impairment of the right of ingress and egress to and from such property, where any resulting interference is but an inconvenience shared in common with the general public and is necessary in the public interest to make travel safer and more efficient.
In the case of New York, Chicago & St. Louis Rd. Co. v. Bucsi, 128 Ohio St., 134, 190 N. E., 562, 93 A. L. R., 632, the city of Cleveland in 1929 vacated and closed a part of Nevada Avenue west of East 89th Street at a point 350 feet east of the eastern line of the Bucsi property abutting on Nevada Avenue, thereby rendering the street a cul-de-sac with entrance thereto only *103 from East 86th Street. By reason of these acts, the means of access of the Bncsis from their property to East 89th Street to the east of their property was entirely destroyed. The Bucsis claimed there was a taking of the property without due process of law and brought suit against the city and a railroad company, resulting in a judgment for the Bucsis, which judgment was affirmed by the Court of Appeals. On appeal this court reversed the judgment and rendered final judgment for the defendants, holding that, “where a duly dedicated and accepted east-and-west street of a city is vacated by the city some distance from its eastern terminus and completely closed to travel, the owner of property abutting upon such street, but not upon the vacated portion thereof, has no right of action for damages because of such vacation, so long as his access to the city street system to the west is not impaired”; and that, “under such circumstances, the abutting property owner’s damage, if any, differs in degree but not in kind from that of the general public, and his legal status falls within the category of damnum absque injuria.” See, also, 49 A. L. R., 333.
Belators seem to claim that because of the fact that their property does not abut on the new highway their access to that highway has been destroyed. The fact is, of course, that their property does not and never did abut on the new section of the highway and consequently they do not have an easement of access to that section. Their right of access is to the old highway which has not been obstructed or destroyed and is still open to travel and connected with the same main highway. The only change is that it is now a county instead of a state highway.
One of the principal claims of the relators as to damage to their property because of the relocation of the highway is that the relocation has diverted travel *104 from the highway abutting their property to the new highway and has thus injuriously affected their business. This raises the question whether loss of trade and business to an owner of property abutting on an established highway, because of a diversion of traffic over such highway to a newly established, alternate highway, is a compensable injury chargeable to the highway authority.
It is now an established doctrine in most jurisdictions that such an owner has no right to the continuation or maintenance of the flow of traffic past his property. The diminution in the value of land occasioned by a public improvement that diverts the main flow of traffic from in front of one’s premises is noncompensable. Heil v. Allegheny County, supra, paragraph five of the syllabus; Nelson v. State Highway Board, supra, 53. The change in traffic flow in such a case is the result of the exercise of the police power or the incidental result of a lawful act, and is not the taking or damaging of a property right. Jackson v. Jackson, supra.
In the Jackson case, this court held:
“A claimant for damages in the alteration of a road, is not entitled to recover, where such alteration merely renders the road less convenient for travel, without directly impairing his access to the road from the improveménts on his land.”
Judge Luther Day, speaking for this court in that case, among other things, pertinently said:
“Before a party is entitled to recover, it must be determined that the thing taken for the public use, for which he asks compensation, is his private property. Whatever other injury he sustains by the opening or alteration of a highway, is compensated only by his interest in the public welfare.
< Í * * ♦
“The record does not show that the plaintiff pro *105 posed to prove any specific facts tending to show that he had been, in any manner, molested in the enjoyment of his farm and homestead; or that the convenience of his access therefrom to the highway had been, in the least, diminished by the alteration of the road. The evidence did not necessarily tend to prove the taking or invasion of the plaintiff’s land or any of its appurtenances. The proof, which the record, in general terms, shows was offered, would be consistent with the hypothesis, that the alteration in the road complained of, was remote from the plaintiff’s land, and only rendered the road less commodious in a public rather than in a private point of view. ’ ’
For the reasons here given the writ prayed for is denied.

Writ denied.

Weygandt, C. J., Matthias, Zimmerman, Stewart, Bell and Tart, JJ., concur.