## Zenz Petition

*M. Jack Morgan*, for Commonwealth.

*Reabuck & Villa*, for petitioner.

HENNINGER, P. J., August 6, 1956.—Louis D. Zenz and Catharine Zenz, his wife, are the owners of premises no. 1312 and 1314 North 25th Street in South Whitehall Township, Lehigh County, the dwelling thereon being the southern half of a twin house, of which the northern half belonged to one Alfred J. Snyder and Dorothy F. Snyder.

The Commonwealth of Pennsylvania appropriated land in the vicinity of the Zenz property for the building of a State Highway known as U. S. Route 22 By-Pass or Thruway, a four-lane 120-foot right of way. The southern line of the highway ran through the center of the Snyder house. The appropriating map also appropriated a strip of ground 10 feet to the south of the land appropriated for the highway itself, marked for slope purposes, since the highway

is about 13 feet above the ground level at that point. The southern line of this slope area runs through the center of the party wall between the Snyder and the Zenz property, and through the center of a two car garage on the rear of the premises.

The map further has a legend titled, "Required Limit of Slope". This has arrows leading to the 10-foot wide strip taken out of the Snyder property as well as arrows leading into the right of way and one controversial arrow leading into the middle of the Zenz property. Whether these arrows are intended as notice to a contractor or as acts of appropriation of land we cannot say.

In tearing down the Snyder property, considerable damage was done to the Zenz property and Zenz contends that drainage from the road and slope has caused his cellar to flood after every sizable rain. The contractor on the highway boarded up the garage and replaced the party wall with another wall, but Zenz claimed permanent damage to his home despite the patching by the contractor.

On petition of Zenz, viewers were appointed to assess his damages. At the view, the Commonwealth offered testimony to show that the slope actually came only to within $3\frac{1}{2}$ feet of the boundary line and that any damage to the Zenz home was caused by the contractor and not by the Commonwealth in its necessary appropriation of land.

The viewers awarded Zenz $4,500, and from that award, the Commonwealth has appealed. It has also taken eight exceptions to the award. In view of our decision, we believe it is unnecessary to consider these exceptions in detail.

Exceptions to an award lie only if upon the face of the record, it is clear that petitioner has no legal right to claim damages in eminent domain or if there has been some vital procedural defect in the proceed-

ings: Chester Municipal Authority v. Delp, 371 Pa. 600, 604, citing Allentown's Appeal, 121 Pa. Superior Ct. 352, 356: " 'Speaking generally, it may be said, upon the authority of Lower Chichester Township v. Roberts et al., 308 Pa. 195, 162 A. 460, that questions of procedure and other questions of law which should be disposed of preliminarily by a court are properly raised by exceptions, but such issues of fact as the proximate cause of injuries and their extent are for a jury. When questions of fact which should go to a jury are attempted to be raised by exceptions, the court may properly relegate them to the triers of fact for disposition at the trial upon the appeal.' "

It must be granted that the Commonwealth is liable only upon the *taking* of property for highway purposes: Lubrecht v. Commonwealth, 350 Pa. 47, 51; Burkholder v. Commonwealth, 347 Pa. 478, 480; Brewer v. Commonwealth, 345 Pa. 144, 145. This point is emphasized in Heil v. Allegheny County, 330 Pa. 449, 456, in which damages were denied because a road was relocated without taking any of petitioner's property, and Regina v. Monroe County, 319 Pa. 257, in which recovery was allowed, although only a slight strip of land had been taken.

The case now under consideration more closely resembles Gardner v. Allegheny County, 382 Pa. 88, 116, in which it was held that the use of any part of an owner's property is a "taking" of it, in that case where airplanes flew below the air space devoted to the general public. It is also analogous to Miller v. Beaver Falls, 368 Pa. 189, 196, which holds that when a person is deprived of any of his rights in tangible property, he is pro tanto deprived of his property.

In Koontz v. Commonwealth, 364 Pa. 145, the court found that while petitioner could recover only for ground taken and the appropriating map was conclusive of the extent of the taking, where there was

a question of the application of the map to the terrain itself, that became a question of fact to be determined by a jury.

Applying the Koontz case to ours, the map clearly shows an appropriation for slope to the boundary line with the equivocal arrow leading to the middle of the Zenz house. Whatever the arrow may mean, it has the Governor's approval and is binding upon the Commonwealth, although we are inclined to agree with the Commonwealth that it was not intended to have any meaning as an act of appropriation.

The Commonwealth contends that by taking only to the boundary line, it has taken none of the Zenz property. In our opinion, this contention is invalid on two scores.

In the first place, Zenz in his testimony speaks of a party wall and if the dividing line between the properties was a party wall, the Commonwealth, by taking to the boundary line, clearly took property in which Zenz had an interest.

Furthermore, where the Commonwealth takes and removes one-half of a double dwelling, it certainly cannot be heard to say that any damage done to the other half was a trespass by the contractor rather than a necessary taking by the Commonwealth in connection with its clearing its own property: Allentown's Appeal, supra. If there was the slightest taking, Zenz would be entitled to damages: Regina v. Monroe Co., supra.

We need not decide the legal consequences if the Commonwealth had taken Snyder's property short of the boundary line, because the map clearly shows a taking to the boundary. For the same reason, it is of no significance that the Commonwealth did not actually use all of the land appropriated for slope purposes. It stepped in and actually took all of the Snyder property including Zenz' interest in the party wall.

Nor do the actions of the contractor in mending some of the damage done to the Zenz property affect their right to claim damages although it may be in mitigation of those damages. We are not now concerned with the reasonableness of the award, but with the right of Zenz to any damages at all.

In our opinion, the legal question of Zenz' right to damages is so inextricably tied up with the question of fact whether any of the Zenz property was actually taken that the exceptions should be dismissed and the whole matter decided upon the appeal from the viewers' report.

Now, August 6, 1956, the exceptions of the Commonwealth of Pennsylvania to the viewers' report in above caption action are dismissed, without prejudice to the right of the Commonwealth to raise the same questions of law upon trial of the appeal from the viewers' award.