Weygandt, C. J.
First it should be noted that this highway improvement project involved the appropriation of none of the plaintiff’s property although the pavement was widened on the opposite side of the street.
Nor was there a change of grade in front of the plaintiff’s property.
Likewise, there is no claim of interference with the plaintiff’s use of the westerly half of Summit Street which extends in a general northerly and southerly direction.
The gravamen of the plaintiff’s complaint is that the easterly half of the street is no longer available for use in entering or leaving the plaintiff’s property which fronts on the westerly side of the street. More specifically, the easterly half of the street is no longer available for left turns directly into or from the plaintiff’s property on which a commercial building is located, and, as a result of this, the plaintiff claims further that, in order to leave or enter its property to or from the easterly half of the street, traffic is limited to right turns and hence must take a circuitous route of approximately two miles in one direction and one mile in the other.
At the threshold of this discussion this court is confronted squarely with its own decisions such as the following unanimous syllabus in the case of State, ex rel. Merritt, v. Linzell, Dir., 163 Ohio St., 97, 126 N. E. (2d), 53:
“1. An owner of property abutting on a public highway possesses, as a matter of Jaw, not only the right to the use of the highway in common with other members of the public, but-also a private right or easement for the purpose of ingress and egress to and from his property, which latter right may not be *244 taken away or destroyed or substantially impaired without compensation therefor.
“2. Mere circuity of travel, necessarily and newly created, to and from real property does not of itself result in legal impairment of the right of ingress and egress to and from such property, and, where a portion of a highway is relocated and property abutting on the old highway does not abut on the relocated portion and the owner has the same means of ingress and egress to and from such property, there is no legal impairment of such right. * * *”
And in the opinion appears the following discussion by Hart, J.:
“Mere circuity of travel, necessarily and newly created, to and from real property does not of itself result in legal impairment of the right of ingress and egress to and from such property, where any resulting interference is but an inconvenience shared in common with the general public and is necessary in the public interest to make travel safer and more efficient.
“In the case of New York, Chicago & St. Louis Rd. Co. v. Bucsi, 128 Ohio St., 134, 190 N. E., 562, 93 A. L. R., 632, the city of Cleveland in 1929 vacated and closed a part of Nevada Avenue west of East 89th Street at a point 350 feet east of the eastern line of the Bucsi property abutting on Nevada Avenue, thereby rendering the street a cul-de-sac with entrance thereto only from East 86th Street. By reason of these acts, the means of access of the Bucsis from their property to East 89th Street to the east of their property was entirely destroyed. The Bucsis claimed there was a taking of the property without due. process of law and brought suit against the city and a railroad company, resulting in a judgment for the Bucsis, which judgment was affirmed by the Court of Appeals. On appeal this court reversed the judgment and rendered final judgment for the defendants, holding that, ‘where a duly dedicated and accepted east-and-west street of a city is vacated by the city some distance from its eastern terminus and completely closed to travel, the owner of property abutting on such street, but not upon the vacated portion thereof, has no right of action for damages because of such vacation, so long as his access to *245 the city street system to the west is not impaired’; and that, ‘under such circumstances, the abutting property owner’s damage, if any, differs in degree but not in kind from that of the general public, and his legal status falls within the category of damnum absque injuria.’ See, also, 49 A. L. R., 333.
i i # * #
“One of the principal claims of the relators as to damage to their property because of the relocation of the highway is that the relocation has diverted travel from the highway abutting their property to the new highway and has thus injuriously affected their business. This raises the question whether loss of trade and business to an owner of property abutting on an established highway, because of a diversion of traffic over such highway to a newly established, alternate highway, is a compensable injury chargeable to the highway authority.
“It is now an established doctrine in most jurisdictions that such an owner has no right to the continuation or maintenance of the flow of traffic past his property. The diminution of the value of land occasioned by a public improvement that diverts the main flow of traffic from in front of one’s premises is noncompensable. Heil v. Allegheny County, supra [330 Pa., 449, 199 A., 341], paragraph five of the syllabus; Nelson v. State Highway Board, supra, 53 [110 Vt., 44, 1 A. (2d), 689, 118 A. L. R., 915]. The change in traffic flow in such a case is the result of the exercise of the police power or the incidental result of a lawful act, and is not the taking or damaging of a property right. Jackson v. Jackson, supra [16 Ohio St., 163].
“In the Jackson case, this court held:
“ ‘A claimant for damages in the alteration of a road, is not entitled to recover, where such alteration merely renders the road less convenient for travel, without directly impairing his access to the road from the improvements on his land.’
“Judge Luther Day, speaking for the court in that case, among other things, pertinently said:
“ ‘Before a party is entitled to recover, it must be determined that the thing taken for the public use, for which he asks compensation, is his private property. Whatever other injury he sustains by the opening or alteration of a highway, is compensated only by his interest in the public welfare.’ ”
*246 That decision was approved in the recent case of State, ex rel. Schiederer, v. Preston, Director of Highways, 170 Ohio St., 542, in which the syllabus reads as follows:
“1. The two primary purposes for the existence of a street or highway are (1) to provide a means of passage for the public and (2) to provide a means of access to and egress from abutting lands; and any other rights which owners of such abutting lands may have with respect to benefits resulting from existence of a street or highway are held subject to the public right to make improvements for accomplishment of those two primary purposes. (Village of Port Clinton v. Fall, 99 Ohio St., 153, and Cohen v. Cleveland, 43 Ohio St., 190, explained and distinguished. )
“2. There is no taking of property merely because the raising of the grade of a part of a street in front of land on that street, in making an improvement for street or highway purposes only, substantially interferes with the view that the owner of that land had over that street and with the relative harmony of the street with his land.”
In view of the foregoing pronouncements in the Jackson, Bucsi, Merritt and Schiederer cases, supra, can recovery be permitted in the instant case for the sole reason that the plaintiff is no longer allowed to use the opposite half of the highway for left turns in entering or leaving its property but is limited to right turns and hence is required to take a circuitous route of approximately one mile in one direction and two miles in the other?
Consistent with the reasoning previously expressed, the answer must be in the negative. Hence, the judgment of the Court of Appeals is reversed, and final judgment is hereby rendered for the defendants.

Judgment reversed.

Zimmerman, Tart, Matthias and Peck, JJ., concur.
Bell and Herbert, JJ., not participating.