## The Tanite Co. v. Commonwealth

*Edwin Kravitz*, for plaintiff.
*Kennard Lewis*, for defendant.

DAVIS, P. J., April 30, 1963.—This matter is before the court on petition of plaintiff, The Tanite Company.

On July 25, 1960, defendant, Commonwealth of Pennsylvania, condemned a portion of the property owned by plaintiff, The Tanite Company, in Stroud Township, Monroe County, for the construction of legislative route 1002, section C 1. Plaintiff, after being furnished with a copy of the condemnation plan, executed and recorded pursuant to article II, section 210, of the Act of June 1, 1945, P. L. 1242, as amended by section 1 of the Act of June 20, 1947, P. L. 677, and by section 1 of the Act of May 14, 1949, P. L. 1391, 36 PS. §670-210, declined defendant's offer of settlement and filed a petition for the appointment of viewers. On August 24, 1961, the court appointed viewers to view the premises, assess and report to the court at September term, 1961. On August 7, 1962, before the viewers conducted a hearing, plaintiff filed the instant petition for a rule to compel defendant to furnish it and the board of viewers with an additional plan of the more detailed character prescribed by the Act of April 27, 1925, P. L. 310, sec. 1, 26 PS §1. Defendant's answer denied that the Act of 1925 applied to the Commonwealth.

The Act of 1925, thus cited, provides:

"Section 1. Be it enacted &c., That in all proceedings to assess damages for the taking, injury, or destruction of private property for public use, the corporations or individuals taking, injuring, or destroying property for said purpose shall furnish the board of viewers with a correct plan of all properties affected, showing all buildings or other structures thereon, their width, length, elevation, and cubical contents, names of all owners, tenants, or occupiers thereof, the topography of the land, and the grades and widths of all highways running through or abutting on said properties, and all other data necessary for a proper determination of the amount of damages caused by the taking, injury or destruction of said private property.

"Section 2. Said plans shall be prepared and ready for the use of the viewers at their first meeting, and copies thereof shall be furnished to all owners, tenants, and occupiers of the property, and all other parties affected thereby without charge."

The sole support for plaintiff's position is found in Mays v. Commonwealth (No. 2), 35 Berks 123 (1942), where, in dismissing the Commonwealth's exceptions to a supplementary report of viewers awarding plaintiff $1,435 damages, Shanahan, J., said (p. 123):

"The only remaining alleged defect is that the viewers have not attached to their report a plan of the property affected, as called for by the Viewers Act of June 23, 1911, P. L. 1123, Sec. 9, 16 Purdon Pa. Stat. Sec. 3118 [now 16 P. S. 9485]. The Commonwealth is not in a position to stand on this objection because *the duty to furnish such plan is placed on the Commonwealth by the Act of April 27, 1925, P. L. 310, No. 173, Sec. 1, 26 P. S. Sec. 1.*"

Notwithstanding Mays v. Commonwealth (No. 2), the construction of the Act of 1925 as being applicable to the Commonwealth of Pennsylvania cannot be sup-

ported for two principal reasons: (1) Such construction would be in direct conflict with decisions of the Supreme Court interpreting analogous language found in article XVI, section 8, of the Pennsylvania Constitution; and (2) the subsequent legislative history of the Act of 1925 fails to show any intent to extend its application to the Commonwealth.

Article XVI, section 8, of the Constitution provides, inter alia:

"Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction . . ."

It will be observed that, while the Act of 1925 requires the furnishing of a plan and the constitutional provisions requires payment of compensatory damages, both contain analagous language describing the class of entities to which these requirements shall apply. The former specifies "corporations or individuals taking, injuring or destroying property for public use", while the latter refers to "municipal and other corporations and individuals invested with the privilege of taking private property for public use" and requires them to make compensation for property "taken, injured or destroyed." The Supreme Court has consistently held that article XVI, section 8, of the Constitution does not apply to the Commonwealth. In McCrady Case, 399 Pa. 586 (1960), the Supreme Court sustained an award of damages where there was an actual taking of land by the Commonwealth, and Mr. Justice Benjamin R. Jones said at page 592:

". . . unlike municipal and other corporations having the power of eminent domain, the Commonwealth is not within the provisions of Article 16, §8 of the

Pennsylvania Constitution. As Mr. Justice (later Chief Justice) Stern stated in Heil v. Allegheny County [330 Pa. 449, 199 A. 341], supra (pp. 452, 453) : 'While, under Article 1, section 10, of the Constitution the Commonwealth may not *take* private property without making just compensation, it does not come within the mandate of Article XVI, section 8, which provides that municipal and other corporations and individuals, in their exercise of the power of eminent domain, must make just compensation for property taken, *injured* or destroyed—a provision which fastens upon them liability for consequential damages. To support a recovery of damages from the Commonwealth in cases where property is not actually taken by it, there must be an act of the legislature expressly imposing such liability: [citing cases.]' See also: Ewalt v. Pennsylvania Turnpike Commission, 382 Pa. 529, 534, 115 A. 2d 729 . . ."

Since the language of the Act of 1925, describing the entities to which the act shall apply, is so closely analogous to that found in article XVI, section 8, of the Constitution, consistency of interpretation requires the conclusion that the Act of 1925 does not apply to the Commonwealth of Pennsylvania. There is nothing in the subsequent legislative history of the Act of 1925 to modify this conclusion.

*Order*

And now, April 30, 1963, the rule heretofore issued in the within case is hereby dismissed.